1

**BARRACK, RODOS & BACINE**
STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD (216562)
sward@barrack.com
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile:  (619) 230-1874

2

3

4

5

6

**BRANSTETTER, STRANCH**
**& JENNINGS, PLLC**
J. GERARD STRANCH, IV
gerards@branstetterlaw.com
JAMES G. STRANCH, III
jims@branstetterlaw.com
227 Second Avenue North, Fourth Floor
Nashville, TN  37201-1631
Telephone:  (615) 254-8801
Facsimile:  (615) 250-3937

7

8

9

10

11

*Co-Counsel for Plaintiffs Oakland County Employees' Retirement System,*
*Laborers' District Council & Contractors' Pension Fund of Ohio, and*
*Woburn Retirement System and Proposed Co-Lead Counsel for the Class*

12

13

[*Additional Counsel listed on signature page*]

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

17

18

19

20

21

22

| | |
|---|---|
| WOBURN RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO "RAY" CISNEROS,<br><br>Defendants. | Case No.:  5:11-CV-05235-RMW<br><br>**NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTORS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**<br><br>DEMAND FOR JURY TRIAL<br><br>DATE:  February 3, 2012<br>TIME:    9:00 a.m.<br>JUDGE: The Hon. Ronald M. Whyte<br>COURTROOM: 6, 4th Floor |

23

24

25

26

27

28

1

2  LABORERS LOCAL 235 BENEFIT          )  Case No. 3:11-CV-05372-JSW
   FUNDS, Individually and On Behalf of All )
3  Others Similarly Situated,           )
                                        )
4              Plaintiff,               )
                                        )
5  vs.                                  )
                                        )
6  OMNIVISION TECHNOLOGIES, INC.,       )
   SHAW HONG, ANSON CHAN, and           )
   AURELIO CISNEROS,                    )
7                                       )
               Defendants.             )
8                                       )
   CARBON COUNTY RETIREMENT            )  Case No. 5:11-CV-06593-HRL
9  BOARD, Individually and On Behalf of All )
   Others Similarly Situated,           )
10                                      )
               Plaintiff,               )
11                                      )
   vs.                                  )
12                                      )
   OMNIVISION TECHNOLOGIES, INC.,       )
13 SHAW HONG, ANSON CHAN, and           )
   AURELIO CISNEROS,                    )
14                                      )
               Defendants.             )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion and Memorandum of Points and Authorities in Support of
the Motion of the Institutional Investors Group for Consolidation, Appointment as Lead
Plaintiff, and Approval of Selection of Co-Lead Counsel

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 2

II.  PROCEDURAL HISTORY .............................................................................. 4

III.  FACTUAL BACKGROUND .......................................................................... 5

IV.  ARGUMENT ................................................................................................... 7

    A.  The Institutional Investors Group Should Be Appointed Lead
    Plaintiff ...................................................................................................... 7

        1.  Applicable Legal Standard .................................................... 7

        2.  The Institutional Investors Group Has the Largest Financial
        Interest in the Relief Sought by the Class ............................ 8

        3.  The Institutional Investors Group Is Qualified Under Rule 23 ........ 8

            a.  The Claims of the Institutional Investors Group Are
            Typical of the Claims of the Class ...................................... 9

            b.  The Institutional Investors Group Will Fairly and
            Adequately Represent the Interests of the Class .................. 10

    B.  The Court Should Approve the Institutional Investors Group's
    Choice of Counsel ................................................................................. 10

    C.  The Woburn, Local 235, and Carbon County Actions Should Be
    Consolidated .......................................................................................... 13

V.  CONCLUSION ............................................................................................... 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Blackie v. Barrack*,
    524 F.2d 891 (9th Cir. 1975) ........................................................10

*Bogosian v. Gulf Oil Corp.*,
    561 F.2d 434 (3d Cir. 1977) ........................................................10

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ...............................................2

*Greebel v. FTP Software, Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) .................................................2

*Haley v. Medtronic*, Inc.,
    169 F.R.D. 643 (C.D. Cal. 1996) .................................................9

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) .......................................................9

*In re Apollo Group, Inc. Sec. Litig.*,
    CV 04-2147-PHX-JAT (D. Ariz.) ...............................................12

*In re Cendant Corp. Sec. Litig.*,
    109 F.Supp.2d 235 (D.N.J. 2000) ..........................................11, 12

*In re Citrix Sys. Inc. Sec. Litig.*,
    No. 00-6796-CIV (S.D. Fla.) .....................................................11

*In re DaimlerChrysler AG Sec. Litig.*,
    No. 00-993 (JJF, Jr.) (D. Del.) ...................................................11

*In re HI/FN Inc. Sec. Litig.*,
    No. C-99-4531-SI (N.D. Cal.) ....................................................11

*In re McKesson HBOC, Inc. Sec. Litig.*,
    126 F.Supp.2d 1248 (N.D. Cal. 2000) .........................................11

*In re Mellon Bank S'holder Litig.*,
    120 F.R.D. 35 (W.D. Pa. 1998) ..................................................10

*In re Parametric Tech. Corp. Sec. Litig.*,
    No. 98-11328 GAO (D. Mass.) ..................................................11

*In re PeopleSoft, Inc. Sec. Litig.*,
    2000 WL 1737936 (N.D. Cal. May 25, 2000) ...............................11

*In re Samsonite Corp. Sec. Litig.*,
    No. 98-K-1878 (D. Colo.) ..........................................................11

*In re Sunbeam Sec. Litig.*,
    2001 WL 454556 (S.D. Fla. Mar. 26, 2001) ...............................11

*In re Theragenics Corp. Sec. Litig.*,
    2001 WL 337276 (N.D. Ga. April 2, 2001) ................................................. 11

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,
    122 F.R.D. 251 (C.D. Cal. 1988 .............................................................. 10

*In re WorldCom, Inc. Sec. Litig.*,
    No. 02 Civ. 3288 (S.D.N.Y.) ............................................................. 11, 12

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) ................................................................ 10

*Lewis v. Curtis*,
    671 F.2d 779 (3d Cir. 1982) ................................................................. 10

*Lubin v. Sybedon Corp.*,
    688 F. Supp. 1425 (S.D. Cal. 1988) ....................................................... 10

*Madruga v. Pacificare Health Sys. Inc.*,
    No. SACV97-974 (C.D. Cal.) ............................................................... 11

*Schaefer v. Overland Express Family of Funds*,
    169 F.R.D. 124 (S.D. Cal. 1996) ........................................................... 10

*Schlagel v. Learning Tree Int'l*,
    1999 WL 672306 (C.D. Cal. Feb. 23, 1999) ............................................. 11

*Schwartz v. Harp*,
    108 F.R.D. 279 (C.D. Cal. 1985) ............................................................. 9

*Shafizadeh v. Amplidyne, Inc.*,
    No. 99-4468 (MLC) (D.N.J.) ................................................................ 11

*Smith v. Harmonic, Inc.*,
    No. C-00-2287 PJH (N.D. Cal.) ............................................................ 11

*Stanley v. Safeskin Corp.*,
    No. 99cv0454-BTM (S.D. Cal.) ............................................................ 11

*Welling v. Alexy*,
    155 F.R.D. 654 (N.D. Cal. 1994) ............................................................. 9

*Wilkes v. Versant Object Tech. Inc.*,
    C-98-0299 (N.D. Cal.) ....................................................................... 11

*Zishka v. Am. Pad & Paper Co.*,
    2000 WL 1310529 (N.D. Tex. Sept. 13, 2000) ......................................... 11

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ........... 2

S. Rep. No. 104-98 at 12, 13, *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ...................... 2

iii - Notice of Motion and Motion and Memorandum of Points and Authorities in
Support of the Motion of the Institutional Investors Group for Consolidation,
Appointment as Lead Plaintiff, and Approval of Selection of Co-Lead Counsel

**Statutes, Rules and Regulations**

Securities Exchange Act of 1934

§10(b) ...................................................................................................................... 4

§101(a) ................................................................................................................... 1

§20(a) ..................................................................................................................... 4

§21D(a)(3)(B) ................................................................................................. 1, 14

§21D(a)(3)(B)(i) ................................................................................................... 7

Private Securities Litigation Reform Act of 1995

15 U.S.C. §78u-4(a)(3) ........................................................................................ 2

15 U.S.C. §78u-4(a)(3)(A) ................................................................................... 3

15 U.S.C. §78u-4(a)(3)(A)(i) .......................................................................... 5, 7

15 U.S.C. §78u-4(a)(3)(B) ........................................................................ 2, 3, 10

15 U.S.C. §78u-4(a)(3)(B)(i) ............................................................................... 8

15 U.S.C. §78u-4(a)(3)(B)(iii)(bb) ..................................................................... 8

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ..................................................................... 7, 8

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) .................................................................. 8

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) ............................................................... 10

15 U.S.C. §78u-4(a)(3)(B)(v) ............................................................................ 10

21D(a)(3)(A)(i) ...................................................................................................... 7

21D(a)(3)(B)(iii)(I)(cc) ........................................................................................ 8

Federal Rule of Civil Procedure

Rule 10b-5 ............................................................................................................. 4

Rule 23 ................................................................................................... 3, 7, 8, 10

Rule 23(a) ........................................................................................................... 8, 9

Rule 23(a)(3) ......................................................................................................... 9

Rule 23(a)(4) ....................................................................................................... 10

Rule 42 ............................................................................................................. 1, 13

iv - Notice of Motion and Motion and Memorandum of Points and Authorities in
Support of the Motion of the Institutional Investors Group for Consolidation,
Appointment as Lead Plaintiff, and Approval of Selection of Co-Lead Counsel

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 3, 2012, at 9:00 A.M., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Ronald M. Whyte, located at 280 South 1st Street, Courtroom 6, San Jose, CA, the Oakland County Employees' Retirement System ("OCERS"), Laborers' District Council and Contractors' Pension Fund of Ohio ("Ohio Laborers"), and Woburn Retirement System ("Woburn") (collectively referred to herein as the "Institutional Investors Group"), will move, pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by §101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (1) appointing the Institutional Investors Group as Lead Plaintiff in this action and (2) approving the Institutional Investors Group's selection of the law firms of Barrack, Rodos & Bacine and Branstetter, Stranch & Jennings to be Co-Lead Counsel.  The Institutional Investors Group also moves, pursuant to Federal Rule of Civil Procedure 42, for an order consolidating the first filed case, *Woburn Retirement System v. OmniVision Technologies, Inc., et al*, 5:11-CV-05235-RMW (the "Woburn Action"), with two related actions based on similar allegations and made against the same defendants: *Laborers Local 235 Benefit Funds v. OmniVision Technologies, Inc., et al*, 3:11-CV-05272-JSW, filed November 4, 2011 (the "Local 235 Action") and *Carbon County Retirement Board v. OmniVision Technologies, Inc., et al,* 5:11-CV-06593-HRL (the "Carbon County Action") filed December 21, 2011.

This motion is based on the memorandum of law in support thereof, the pleadings and other files herein, including but not limited to the certifications of the proposed lead plaintiff, the certification of counsel and the accompanying Declaration of Samuel M. Ward in support of this motion (the "Ward Declaration"), any responsive memorandum filed in further support of this motion, and oral argument made by counsel in connection herewith.

## I. INTRODUCTION

The Institutional Investors Group files this motion[1] seeking to represent a class of investors who purchased the securities of OmniVision Technologies, Inc. ("OmniVision" or the "Company") during the period from August 27, 2010 through November 6, 2011 (the "Class Period"), and who were damaged thereby as a result of the alleged material misrepresentations and omissions by defendants OmniVision and certain of its officers and directors.

In enacting the PSLRA, 15 U.S.C. § 78u-4(a)(3), Congress expressed its intent to encourage institutional investors like the members of the Institutional Investors Group to serve as lead plaintiffs in securities class actions. H.R. Conf. Rep. No. 104-369 (1995), S. Rep. No. 104-98 (1995). As the Statement of Managers noted, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Conf. Rep. No. 104-369, at 33, 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733. Similarly, the Senate Report on the PSLRA states:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interests as the plaintiff class generally.

S. Rep. No. 104-98 at 12, 13 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (citations omitted). *See also Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996) (holding that provisions of the Act "suggest a presumption that institutional investors be appointed lead plaintiff"); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors").

---

[1] The PSLRA specifically authorizes class members such as Ohio Laborers and OCERS to move for appointment as lead plaintiff, regardless of whether they have filed a complaint. *See* 15 U.S.C. §78u-4(a)(3)(B).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Ohio Laborers, established in 1967, provides pension benefits to the members of eleven union locals in the state of Ohio and certain counties in Kentucky and West Virginia. Ohio Laborers currently invests over a billion dollars for the benefit of its participants.

OCERS is an institutional investor providing retirement benefits to the employees of Oakland County, Michigan. OCERS manages long term investments valued in excess of $600 million on behalf current employees of Oakland County and approximately 1,100 retired employees.

Woburn is a defined benefit retirement system based in Woburn, Massachusetts. As of January 2010, Woburn had approximately $101 million in assets held in trust for 570 active and 402 retired public employee participants.

As set forth in detail below, the Institutional Investors Group satisfies all of the requirements for appointment as lead plaintiff under the PSLRA. As required by the statute, this motion is filed within sixty days of publication of the notice of the action. 15 U.S.C. §78u-4(a)(3)(A). The Institutional Investors Group asserts that it has the largest financial interest in the outcome of the litigation, having sustained losses of approximately $1,309,977.00. Ward Decl. Ex. 9. In addition, it qualifies as the "most adequate" plaintiff to serve as lead plaintiff in this action because it satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as required by the statute. 15 U.S.C. §78u-4(a)(3)(B). Given the PSLRA's preference for institutional investors to direct securities class actions, as demonstrated below, the Institutional Investors Group believes that it should be appointed Lead Plaintiff in this matter and that the Court should approve its selection of Barrack, Rodos & Bacine and Branstetter, Stranch & Jennings as Co-Lead Counsel to represent the class.

Pursuant to Civil Rule of Civil Procedure 42, where actions involve a "common question of law or fact," the Court may consolidate the actions for all purposes. As set forth herein, the Woburn, Local 235, and Carbon County actions share the same defendants, are based on the same facts and allege the same causes of action. Moreover,

as set forth below, the Institutional Investors Group is the most adequate lead plaintiff and should be appointed lead plaintiff in the consolidated actions.

**II.    PROCEDURAL HISTORY**

Presently pending before the Court is a securities fraud class action complaint, *Woburn Retirement System v. OmniVision Technologies, Inc, et al.*, 5:11-CV-05235-RMW, naming OmniVision, a manufacturer of digital imaging components, including imaging sensors used in smartphones, webcams, and laptop computers; OmniVision's Chief  Executive Officer, Shaw Hong; the Company's Chief Financial Officer and Vice President of Finance, Anson Chan; and OmniVision's Vice President of Worldwide Sales, Aurelio Cisneros.  The complaint alleges that defendants, in violation of Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, disseminated false and misleading information to the investing public concerning OmniVision's business operations.  A second complaint, *Laborers Local 235 Benefit Funds v. OmniVision Technologies, Inc., et al*, 3:11-CV-05272-JSW, was filed in the Northern District of California on November 4, 2011, against the same defendants and alleging the same class period as set forth in the Woburn Action.  Also pending in the Northern District of California is a third securities fraud class action complaint, *Carbon County Retirement Board v. OmniVision Tech., Inc., et al*, 5:11-CV-06593-HRL, which alleges that the same defendants disseminated false and misleading information to the investing public, in violation of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.[2]

The PSLRA requires prompt publication of notice advising class members of their right to move within sixty days of publication to be appointed lead plaintiff.  15

---

[2]    The Carbon County complaint was filed on December 21, 2011.  However, the civil cover sheet accompanying the Carbon County complaint failed to identify it as related to the first-filed action.  *See* Ward Decl. Ex. 10.  Nor did Carbon County file and serve a notice of related case.  Each member of the Institutional Investors Group has, pursuant to Civil Local Rule 3-7, executed a certification addressing the class period identified in the Woburn Action.  Ward Decl. Exs. 1, 2 and 3.  In addition, charts identifying all transactions in OmniVision securities during the period of August 27, 2010 through November 6, 2011 have been provided on behalf of each member of the Institutional Investors Group.  Ward Decl. Exs. 6, 7, and 8.

U.S.C. § 78u-4(a)(3)(A)(i).  On October 26, 2011, Woburn, plaintiff in the first-filed action and a member of the Institutional Investors Group, published notice on GlobalNewswire.  *See* Ward Declaration, Ex. 11.[3]  That notice advised class members of the existence of the lawsuit and described the claims asserted.  It also advised class members of their right to file a motion for appointment of lead plaintiff no later than December 27, 2011.  Accordingly, this motion is timely filed.

## III.   FACTUAL BACKGROUND[4]

The Woburn complaint was brought on behalf of all persons who purchased or otherwise acquired the publicly-traded common stock of OmniVision between August 27, 2010 and October 13, 2011, inclusive, seeking to pursue remedies against OmniVision and certain of its officers and/or directors.[5]  The Carbon County complaint, based on the same underlying facts as those set forth in the Woburn complaint, was brought on behalf all persons who purchased or otherwise acquired the publicly-traded common stock of OmniVision between May 27, 2011 and November 6, 2011, inclusive, seeking to pursue remedies against OmniVision and certain of its officers and/or directors.

OmniVision designs and manufactures imaging sensors, including complementary metal-oxide-semiconductor ("CMOS") sensors used in imaging devices such as smartphones, webcams, and laptop computers.  These imaging sensors capture images and convert them into digital format.

The complaint alleges that during the Class Period, defendants made a series of false and misleading public statements relating to the Company's business and financial results.  Specifically, the complaint alleges that during the Class Period, defendants knew, but failed to disclose, that: (a) OmniVision had lost its lucrative, high-profile, and

---

[3]   To date, it does not appear that Carbon County has published notice as required by the PSLRA.

[4]   These facts are taken from various sources, including the complaints filed in the Woburn and Carbon County actions.

[5]   The Local 235 Action, is based on the same underlying facts as the Woburn Action, alleges the same class period and is brought against the same defendants.

1   exclusive contract with Apple, Inc.; (b) competition was eroding the Company's
2   leadership position in the smartphone industry; (c) delays in the development of the
3   company's 8-megapixel product line were threatening its prospects; and (d) OmniVision
4   lacked a reasonable basis for its statements about its bright prospects in the smartphone
5   market.  Previously, the Company had been Apple's exclusive supplier for the camera
6   sensors used in the iPhone 3GS and iPhone 4 and had also supplied sensors used in
7   Apple's iPod Touch and iPad.

8       Defendants' false and misleading class period statements caused OmniVision
9   stock to trade at artificially inflated prices throughout the Class Period, reaching a high
10  of $36.42 at the close of trading on May 26, 2011.

11      The true status of OmniVision's contract with Apple became apparent only on
12  August 25, 2011, when the Company announced its results for the first quarter of fiscal
13  year 2012 and provided guidance for the second quarter of fiscal year 2012.  After the
14  market closed on August 25, 2011, OmniVision announced financial results for the fiscal
15  first quarter of 2012 and provided guidance for the fiscal second quarter of 2012 that
16  was well below analysts' expectations. The Company also disclosed delays in the
17  production of its new 8-megapixel product line. Based on the Company's disappointing
18  guidance, analysts recognized that OmniVision would not be the exclusive producer of
19  camera components for Apple's new fifth generation iPhone—the iPhone 4S—set for
20  release in the fall of 2011.  In response to OmniVision's August 25, 2011 earnings
21  announcement, the price of OmniVision's common stock declined $7.55 per share, or
22  30.4%, to close at $17.27 per share on August 26, 2011 on extraordinarily heavy trading
23  volume.

24      Thereafter, on October 14, 2011, the iPhone 4S became available for sale and for
25  disassembly. Based on a logo stamped on the inside of the CMOS sensor, experts
26  determined that Sony—and not OmniVision—had supplied the CMOS sensor for the
27  iPhone 4S.  In reaction to this news, OmniVision's common stock dropped $1.65 per
28  share, or 9.3% on October 14, 2011, to close at $15.95 per share on very heavy trading
   volume.

6 - Notice of Motion and Motion and Memorandum of Points and Authorities in Support
of the Motion of the Institutional Investors Group for Consolidation, Appointment as
Lead Plaintiff, and Approval of Selection of Co-Lead Counsel

**IV.    ARGUMENT**

    **A.    The Institutional Investors Group Should Be Appointed Lead Plaintiff**

        **1.    Applicable Legal Standard**

The PSLRA sets forth the procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws.  15 U.S.C. §78u-4(a)(3).  Section 21D(a)(3)(A)(i) of the PSLRA provides that within twenty days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

    (i)    of the pendency of the action, the claims asserted therein, and the purported class period; and

    (ii)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, Section 21D(a)(3)(B)(i) of the PSLRA directs this Court to consider any motions brought by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice by not later than ninety days after the date of publication, or as soon as practicable after this Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  Under this provision, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff and shall presume that the "most adequate plaintiff" is the person, or group of persons, that:

    (aa)   has either filed the complaint or made a motion in response to a notice…;

    (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As noted *supra* at page 4, this motion satisfies the requirements of subsection (aa).  The Institutional Investors Group also satisfies the requirements of subsections (bb) and (cc), as demonstrated below.

**2.     The Institutional Investors Group Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA provides that this Court:

> [S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff").

15 U.S.C. § 78u-4(a)(3)(B)(i).  Moreover, the statute requires this Court to adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> * * *
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class…

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the relevant period, the Institutional Investors Group purchased OmniVision securities at artificially inflated prices and suffered losses of over $1,309,977.00.[6]  *See* Ward Declaration, Ex. 9.  The Institutional Investors Group believes that it has the largest financial interest in the outcome of this litigation and, therefore, is presumptively entitled to appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).

**3.     The Institutional Investors Group Is Qualified Under Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id*.  With respect to the qualifications of a class representative, Rule 23(a) requires generally that its claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class.   As

---

[6]     15 U.S.C. §78u-4(e) provides a formula for computing a class member's damages for violations of Section 10(b), which includes separate calculations as to securities that have been sold during the class period and securities that are held at the end of the class period.  For purchasers who hold their securities, damages are measured by comparing the purchase price of the security with its mean trading price during the ninety day period following the corrective disclosure by the Company, or, if the securities are sold during the ninety days, the purchase price is compared to the mean trading price during the period beginning with the corrective disclosure and ending on the date of sale.  The mean trading price is defined as "an average of the daily trading price of that security, determined as of the close of the market each day" during the period in question.  15 U.S.C. § 78u-4(e)(3).

1   demonstrated herein, the Institutional Investors Group satisfies the typicality and

2   adequacy requirements of Rule 23(a), and is qualified to be appointed lead plaintiff.

### a. The Claims of the Institutional Investors Group Are Typical of the Claims of the Class

A plaintiff satisfies the typicality requirement of Rule 23(a)(3) when the plaintiff (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by defendants, and (3) its claims are based on the same legal issues. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996); *Welling v. Alexy*, 155 F.R.D. 654, 657 (N.D. Cal. 1994); *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). The legal and factual bases for the Institutional Investors Group's claims are typical of the following issues applicable to all members of the class:

(a)   Whether defendants' actions violated the federal securities laws;

(b)   Whether defendants caused OmniVision to issue false and misleading statements during the Class Period;

(c)   Whether defendants' conduct caused the market price of OmniVision stock to be artificially inflated during the Class Period; and

(d)   Whether the members of the class have sustained damages and, if so, what is the proper measure of those damages.

Thus, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by the Institutional Investors Group are typical of the claims of the members of the proposed class. The Institutional Investors Group, like all of the members of the proposed class, acquired OmniVision stock at prices artificially inflated by defendants' false and misleading misrepresentations and omissions and were damaged thereby. The Institutional Investors Group's claims are typical because their claims and those asserted by other OmniVision investors are based on the same legal theories and arise "from the same event or course of conduct giving rise to the claims of other class members." *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988); *accord Blackie v. Barrack*, 524 F.2d 891, 902-03 & n. 19 (9th Cir. 1975).

1

        **b.**    **The Institutional Investors Group Will Fairly and Adequately Represent the Interests of the Class**

2

The requirements of Rule 23(a)(4) are met if it appears that (1) plaintiff's interests

3

are not antagonistic to those of the class they seek to represent and (2) plaintiff's

4

attorneys are qualified, experienced, and generally able to conduct the litigation. *Lerwill*

5

*v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Schaefer v. Overland*

6

*Express Family of Funds*, 169 F.R.D. 124, 130 (S.D. Cal. 1996); *Lubin v. Sybedon*

7

*Corp.*, 688 F. Supp. 1425, 1461 (S.D. Cal. 1988); *Lewis v. Curtis*, 671 F.2d 779, 788 (3d

8

Cir. 1982) ; *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir. 1977) ; *In re Mellon*

9

*Bank S'holder Litig.*, 120 F.R.D. 35, 37-38 (W.D. Pa. 1988).

10

      The interests of the Institutional Investors Group are aligned with the members of

11

the proposed class and there is no evidence of any antagonism between their interests

12

and those of the proposed class members.  As detailed above, the Institutional Investors

13

Group's claims share substantially similar questions of law and fact with the claims of

14

members of the proposed class and its claims are typical of the claims of other members

15

of the class.  In addition, the Institutional Investors Group has selected law firms that are

16

highly experienced in prosecuting securities class actions such as this to represent it and

17

to serve as lead counsel. *See* Ward Declaration, Exs. 4, and 5.

18

      Therefore, the Institutional Investors Group satisfies the requirements of Rule 23

19

and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and

20

should be appointed lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

21

    **B.**    **The Court Should Approve the Institutional Investors Group's Choice of Counsel**

22

      The PSLRA vests authority in the lead plaintiff to select and retain counsel to

23

represent the class, subject to Court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Thus,

24

the Court should not disturb the lead plaintiff's choice of counsel unless necessary to

25

"protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  In this case,

26

the Institutional Investors Group has selected and retained the law firms of Barrack,

27

Rodos & Bacine and Branstetter, Stranch & Jennings to serve as co-lead counsel for the

28

class.

Barrack, Rodos & Bacine has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Ward Declaration, Ex. 4.  Barrack, Rodos & Bacine has been appointed as lead counsel in dozens of securities class actions, including more than fifty filed since passage of the PSLRA.[7]  Barrack, Rodos & Bacine served as co-lead counsel in *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000), before the Honorable William H. Walls.   In *Cendant*, Barrack, Rodos & Bacine obtained settlements with defendants totaling more than \$3.1 billion.  Barrack, Rodos & Bacine also served as co-lead counsel for the New York State Common Retirement Fund, the sole lead plaintiff in *In re WorldCom, Inc. Sec. Litig.*, Master File No. 02-Civ-3288 (DLC) (S.D.N.Y.), in which the court approved a settlement in excess of \$6.1 billion.  In Judge Cote's opinion approving a partial settlement of over \$2.5 billion with the Citigroup defendants in *WorldCom*, she described the services provided by Barrack, Rodos & Bacine as co-lead counsel, as follows:

> The quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation.  Lead Counsel has been energetic and creative.  Its skill has matched that of able and well-funded defense counsel.  It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes.  Its negotiations with the Citigroup Defendants have resulted in a settlement

---

[7]     *See, e.g.*, *In re DaimlerChrysler AG Sec. Litig.*, No. 00-993 (JJF, Jr.) (D. Del.); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248 (N.D. Cal. 2000); *In re PeopleSoft, Inc. Sec. Litig.*, No. C99-00472 WHA, 2000 WL 1737936 (N.D. Cal. May 25, 2000); *Smith v. Harmonic, Inc.*, No. C-00-2287 PJH (N.D. Cal.); *In re HI/FN, Inc. Sec. Litig.*, Master File No. C-99-4531-SI (N.D. Cal.); *Shafizadeh v. Amplidyne, Inc.*, Civil Action No. 99-4468 (MLC) (D.N.J.); *In re Parametric Tech. Corp. Sec. Litig.*, Civil Action No. 98-11328 GAO (D. Mass.); *In re Sunbeam Sec. Litig.*, Nos. 98-8258-CIV - Middlebrooks, 99-8275-CIV-Middlebrooks, 2001 WL 454556 (S.D. Fla. Mar. 26, 2001); *In re Citrix Sys. Inc. Sec. Litig.*, No. 00-6796-WPD (S.D. Fla.); *In re Theragenics Corp. Sec. Litig.*, No. 1:99CV141-TWT, 137 F. Supp. 2d 1339(N.D. Ga. April 2, 2001); *Wilkes v. Versant Object Tech. Inc.*, C-98-0299-CW (N.D. Cal.); *Madruga v. Pacificare Health Sys. Inc.*, No. SACV97-974-LHM (C.D. Cal.); *Schlagal v. Learning Tree Int'l*, No. CV98-6384 ABC (Ex), 1999 WL 672306 (C.D. Cal. Feb. 23, 1999); *In re Samsonite Corp. Sec. Litig.*, Master File No. 98-CV-1878-JLK (D. Colo.); *Zishka v. Am. Pad & Paper Co.*, No. 3:98-CV-0660-M, 2000 WL 1310529 (N.D. Tex. Sept. 13, 2000); *Stanley v. Safeskin Corp.*, Lead Case No. 99cv0454-BTM (S.D. Cal.).

of historic proportions. It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class. The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance. In sum, the quality of representation that Lead Counsel has provided to the class has been superb…. Lead Counsel has performed a valuable public service in prosecuting this action with vigor and skill.

*In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2004 U.S. Dist. LEXIS 22992, at *67-*68, *72-*73 (S.D.N.Y. Nov. 12, 2004).

Barrack was also co-lead counsel in *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW, which was litigated before this Court, ultimately settling for a total of $1.0425 billion from all defendants.

In *In re Cendant Corporation Securities Litigation,* Case No. 98-1664-WHW (D.N.J.), where Barrack was co-lead counsel the court stated that "we have all been favored with counsel of the highest competence and integrity and fortunately savvy in the ways of the law and the market." Ward Decl. Ex. 4 at p. 27. And more recently, immediately after the jury rendered it unanimous verdict in favor of the plaintiff class in the *In re Apollo Group, Inc. Sec. Litig.,* CV 04-2147-PHX-JAT (D. Ariz.), trial, the court commented upon and noted counsel's "professionalism and the civility … -- and the integrity that you have all demonstrated and exuded throughout the handling of this case, it has just, I think, been very, very refreshing and rewarding to see that." Ward Decl. Ex. 4 at p. 26.

In *Apollo*, the trial judge further commented that trial counsel "brought to this courtroom just extraordinary talent and preparation. . . . The technical preparation, the preparation for your examination and cross-examination of witnesses has been evident in every single instance. The preparation for evidentiary objections and responses to those objections have been thorough and foresighted. The arguments that have been made in every instance have been well-prepared and well-presented throughout the case. … [W]hat I have seen has just been truly exemplary." Ward Decl. Ex. 4 at p. 25-26.

Thus, there can be no question that Barrack, Rodos & Bacine is a highly experienced, successful securities fraud class action firm.

Branstetter, Stranch & Jennings, PLLC has been providing diverse legal services to its clients for over 50 years, however, the focus of the firm has remained upon litigation and trial work.  BS&J is believed to have tried the first class action case to jury in the State of Tennessee.  *See Ewing et al v. Neuhoff, et al,* (Law and Equity Court, Montgomery County).  BS&J has recovered in excess of a billion dollars for its clients and continues to be a leader in class action litigation.  BS&J's former managing partner, Jane B. Stranch was recently honored for her work and was appointed and confirmed by the United States Senate directly from private practice to the U.S. Sixth Circuit Court of Appeals.  BS&J has substantial experience in federal securities litigation, including representing the State of Tennessee Retirement System in the WorldCom Bonds litigation.  BS&J is currently serving as lead/co-lead or trial counsel in dozens of cases across the country.

There can be no dispute the BS&J has the resources, ability, and experience to serve as co-lead counsel in this litigation.

### C.    The Woburn, Local 235, and Carbon County Actions Should Be Consolidated

Pursuant to Federal Rule of Civil Procedure 42, where actions arise from a common core of facts; are filed against similar defendants; or raise similar claims, a court may, in order to prevent unnecessary duplication of efforts, inconsistent rulings and waste of judicial resources, order the cases consolidated for all purposes.

Here, the Woburn, Local 235, and Carbon County Actions are brought against the same defendants, OmniVision, Shaw Hong, Anson Chan and Aurelio "Ray" Cisneros. *See* Woburn complaint at ¶¶ 18-21; *see also* Local 235 complaint at ¶¶ 14-16 (Ward Decl. Ex. 12); *see also* Carbon County complaint at ¶¶ 24-27 (Ward Dec. Ex. 13).  All three actions are brought under identical causes of action, namely violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against all defendants as well as violation of Section 20(a) of the Exchange Act against defendants Hong, Chan, and Cisneros.  *See* Woburn Complaint at ¶¶ 76-82; *see also* Local 235 complaint at ¶¶ 80-94 (Ward Decl. Ex. 12); *see also* Carbon County complaint at ¶¶ 73-81 (Ward Decl. Ex. 13).  Lastly, both actions arise from a common core of facts, namely

1   OmniVision's role as a supplier of components for the Apple iPhone. *See* Woburn

2   Complaint at ¶¶ 3-8 (Ward Decl. Ex. 12); *see also* Carbon County complaint at ¶¶ 2-4

3   (Ward Decl. Ex. 13).

4   Absent consolidation, the simultaneous litigation of these actions before different

5   judges will create the unnecessary risk of duplication of efforts, inconsistent

6   adjudication, and waste of judicial resources. Therefore, the Institutional Investors

7   Group seeks an order consolidating the Woburn, Local 235, and Carbon County actions

8   and all later-filed actions relating to the same core of operative facts and issues with the

9   first-filed action.

10  **V.   CONCLUSION**

11  For the foregoing reasons, the Institutional Investors Group respectfully requests

12  that this Court: (1) appoint it Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the

13  PSLRA, (2) approve its selection of Co-Lead Counsel for the class, and (3) order the

14  Woburn, Local 235, and Carbon County actions consolidated for all purposes.

15  DATED: December 27, 2011          Respectfully submitted,

16                                    BARRACK, RODOS & BACINE
                                      STEPHEN R. BASSER
17                                    SAMUEL M. WARD

18                                    _____/s/ STEPHEN R. BASSER_____
19                                              STEPHEN R. BASSER

20                                    600 West Broadway, Suite 900
                                      San Diego, CA 92101
21                                    Telephone: (619) 230-0800
                                      Facsimile: (619) 230-1874
22

23

24                                    BRANSTETTER, STRANCH
                                          & JENNINGS, PLLC
25                                    J. Gerard Stranch, IV
                                      James G. Stranch, III
26                                    227 Second Avenue North, Fourth Floor
                                      Nashville, TN 37201-1631
27                                    Telephone: (615) 254-8801
                                      Facsimile: (615) 250-3937
28

*Co-Counsel for Plaintiffs Oakland County Employees' Retirement System Laborers' District Council Contractors' Pension Fund of Ohio, and Woburn Retirement System and Proposed Co-Lead Counsel for the Class*

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
ckeller@labaton.com
MICHAEL W. STOCKER
mstocker@labaton.com
RACHEL A. AVAN
ravan@labaton.com
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsmile:  (212) 818-0477

*Additional Counsel for Plaintiff Woburn Retirement System*