1 | Reed R. Kathrein (139304)
  | Peter E. Borkon (212596)
2 | HAGENS BERMAN SOBOL SHAPIRO LLP
  | 715 Hearst Ave., Suite 202
3 | Berkeley, CA 94710
  | Telephone: (510) 725-3000
4 | Facsimile: (510) 725-3001
  | reed@hbsslaw.com
5 | peterb@hbsslaw.com

6 | *Counsel for the Lead Plaintiff Movant*
  | *William C. Dougherty*

7 | [Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| WOBURN RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 5:11-cv- 05235-RMW |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT WILLIAM C. DOUGHERTY AS LEAD PLAINTIFF AND APPROVE PROPOSED LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO "RAY" CISNEROS, | |
| Defendants. | DATE: February 10, 2012<br>TIME: 9:00 a.m.<br>DEPT: CR 6, 4th Floor |
| | ACTION FILED: October 26, 2011 |
| LABORERS LOCAL 235 BENEFITS FUNDS, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:11-cv- 05372-JSW |
| Plaintiff, | |
| v. | |
| OMNIVISION TECHNOLOGIES, INC. SHAW HONG, ANSON CHAN, and RAY CISNEROS, | |
| Defendants. | ACTION FILED: November 4, 2011 |

[caption continued next page]

010293-11  494160 V1

| | |
|---|---|
| CARBON COUNTY RETIREMENT BOARD, Individually and On Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO CISNEROS,<br><br>                  Defendants. | Case No. 5:11-cv- 06593-HRL<br><br><br><br><br><br><br><br><br><br>ACTION FILED: December 21, 2011 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 10, 2012, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Judge Ronald M. Whyte, United States District Court, Northern District of California, San Jose Division, Courtroom 6, 4th Floor, 280 South 1st Street, San Jose, California, 95113, William C. "Bill" Dougherty ("Movant") will and hereby does move for an order appointing him Lead Plaintiff in the action against defendants OmniVision Technologies, Inc. ("OVTI" or the "Company"), Shaw Hong, Anson Chan and Aurelio "Ray" Cisneros, (collectively the "Defendants" or "OVTI Defendants"), pursuant to the Lead Plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firm Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel in this action.[1]

This motion is based on this Notice of Motion and Motion to Consolidate Related Cases, Appoint Mr. Dougherty as Lead Plaintiff and Approve Proposed Lead Plaintiff's Selection of Counsel; Memorandum of Points and Authorities in Support Thereof (the "Motion"), the Declaration of Reed R. Kathrein in Support of this Motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this Motion.

Movant makes this Motion on the belief that Movant is the most "adequate plaintiff" as defined in the PSLRA because:

1.     Movant has the largest financial interest in the relief sought by the class and has incurred substantial losses in the amount of $391,589.70 as a result of his purchase and/or acquisition

---

[1] The Court's Standing Order Regarding Case Management in Civil Cases requires a meet and confer of counsel prior to the filing of motions. The Movant respectfully submits that this requirement should not apply in the context of motions to appoint a Lead Plaintiff in securities cases because the Movant has no means of knowing who else may move for Lead Plaintiff making such conferences impossible.

1    of shares of OVTI securities during the originally noticed class period beginning August 27, 2010

2    and ending on October 13, 2011, and the newly extended class period ending on November 6, 2011;

3    and

4        2.    Movant satisfies the typicality and adequacy requirements of Federal Rule of Civil

5    Procedure 23 ("Rule23").

6        Movant further requests that the Court approve the selection of Movant's counsel, Hagens

7    Berman as Lead Counsel for the class. Hagens Berman is a nationally recognized law firm with

8    significant class action, fraud and complex litigation experience, and is a firm with the resources to

9    effectively and properly pursue this action.

10       For all of the foregoing reasons, William C. Dougherty respectfully requests that this Court:

11   (1) consolidate these related cases; (2) appoint Mr. Dougherty to serve as Lead Plaintiff in this

12   action; (3) approve Mr. Dougherty's selection of Lead Counsel for the class; and (4) grant such other

13   and further relief as the Court may deem just and proper.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   MOT. TO. CONSOLIDATE CASES, APPOINT
     DOUGHERTY AS LEAD PLF AND APPROVE
     SELECTION OF COUNSEL – NO. 11-cv-5235-RMW     - 2 -
     010293-11 494160 V1

## STATEMENT OF ISSUES TO BE DECIDED

Whether these cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as actions involving a common question of law or fact pending before the Court;

Whether Movant should be appointed Lead Plaintiff in the securities class action against the OVTI Defendants pursuant to the Lead Plaintiff provisions of the PSLRA, codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3) (2007);

Whether the Court should approve Movant's selection of the law firm Hagens Berman to represent the class in this action, also pursuant to the Lead Plaintiff provisions of the PSLRA, codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3) (2007).

MOT. TO. CONSOLIDATE CASES, APPOINT DOUGHERTY AS LEAD PLF AND APPROVE SELECTION OF COUNSEL – NO. 11-cv-5235-RMW
010293-11 494160 V1

- 3 -

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ...........................................................................................................................1

II. PROCEDURAL HISTORY ..........................................................................................................1

III. SUMMARY OF FACTS ..............................................................................................................2

IV. ARGUMENT ..................................................................................................................................3

    A. The Court Should Consolidate the Related Actions........................................................3

    B. William C. Dougherty Should Be Appointed Lead Plaintiff .........................................5

        1. The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of Mr. Dougherty ................................................................................................................5

        2. Mr. Dougherty Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff ..................................................................................................................6

        3. Mr. Dougherty Has the Largest Financial Interest of the Plaintiffs Who Have Submitted Applications for Lead Plaintiff .........................................................7

        4. Mr. Dougherty Satisfies the Requirements of Rule 23 .......................................7

    C. This Court Should Approve Mr. Dougherty's Choice of Lead Counsel .....................10

V. CONCLUSION ..............................................................................................................................10

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

William C. "Bill" Dougherty ("Movant") hereby moves to be appointed Lead Plaintiff in this action against the OVTI Defendants pursuant to the Lead Plaintiff provisions of the PSLRA, codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firm Hagens Berman as Lead Counsel in this action.

Mr. Dougherty understands his duties and responsibilities to the class, and is willing and able to oversee the vigorous prosecution of this action. As described in the certification attached as Exhibit A to the Kathrein Declaration,[2] Mr. Dougherty has suffered a loss of $391,589.70 as a result of Movant's purchase and/or acquisition of common stock of OVTI. To the best of Movant's knowledge, Mr. Dougherty has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff. In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification demonstrates the intent to serve as Lead Plaintiff in this litigation, including Movant's cognizance of the duties of serving in that role.[3]

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Rule 23 and is presumptively the "most adequate plaintiff." Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve Movant's selection of the law firm Hagens Berman as Lead Counsel.

## II. PROCEDURAL HISTORY

The first related lawsuit against the OVTI Defendants, *Woburn Retirement System v. OmniVision Technologies, Inc., et al.*, No. 3:11-cv-5235-RMW, was filed on October 26, 2011, in

---

[2] "Kathrein Decl." or "Kathrein Declaration" refers to the Declaration of Reed R. Kathrein in Support of Motion to Consolidate Related Cases, Appoint Bill Dougherty as Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel, filed concurrently herewith.

[3] The relevant federal securities laws specifically authorize any class member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See*, 15 U.S.C. § 77z-l(a)(3)(B)(i)(claims under the Securities Act) and 15 U.S.C. § 78u-4(a)(3) (claims under the Exchange Act). A copy of Dougherty's certification demonstrating his transactions in OVTI securities is attached as Exhibit A to the Kathrein Declaration.

the Northern District of California by Woburn Retirement System (the "Complaint" or "Woburn Complaint"), individually and on behalf of all persons or entities that purchased or otherwise acquired OVTI securities between August 27, 2010 and October 13, 2011, inclusive (the "Class Period"). The gravamen of the Complaint is Defendants' violation of the Exchange Act. Specifically, the Complaint arises out of Defendants' issuance or allowing the issuance of materially false and misleading statements, in direct violation of the Exchange Act. These misrepresentations and omissions resulted in the damages suffered by Movant and the other members of the class.

The same day that the Complaint was filed on October 26, 2011, Woburn published a notice of pendency over the national wire service, *Globe Newswire*, informing investors that this case was filed and that they had sixty (60) days to seek appointment as Lead Plaintiff. Kathrein Decl., Ex. B. That notice advised class members of the existence of the lawsuit and described the claims asserted.

In addition to the *Woburn* Complaint, two other related cases have been filed before this Court: *Laborers Local 235 Benefit Funds v. OmniVision Technologies, Inc., et al.,* No. 11-cv-5372-JSW (filed November 4, 2011) and *Carbon County Retirement Board v. OmniVision Technologies, Inc., et al.*, No. 11-cv-6539-HRL (filed December 21, 2011). The last case, filed only within the last week, extends the class period until November 6, 2011. Movant is concerned that this filing may have been solely for purposes of capturing further losses to assist in the filing of a motion for lead plaintiff.

Consistent with the terms of the PSLRA, Movant timely filed this motion for appointment as Lead Plaintiff within sixty (60) days from the publication of the notice of pendency of the action in the *Globe Newswire* press release.

### III. SUMMARY OF FACTS

The action charges OmniVision and certain of its officers with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The Complaint alleges that, throughout the Class Period, the Company's financial results were

MOT. TO. CONSOLIDATE CASES, APPOINT
DOUGHERTY AS LEAD PLF AND APPROVE
SELECTION OF COUNSEL – NO. 11-cv-5235-RMW          - 2 -
010293-11 494160 V1

1  artificially inflated by virtue of the fact that the Company had concealed the loss of its exclusive
2  contract with Apple Inc. ("Apple") to supply imaging sensors for Apple's celebrated iPhone.
3  OmniVision is a designer and manufacturer of image sensors that are used in digital cameras to
4  convert optical images into electronic signals. OmniVision is one of the leading suppliers of
5  complementary metal-oxide-semiconductor ("CMOS") sensors used in mobile telephones. The
6  Complaint alleges that OmniVision failed to disclose that: (a) it had lost its lucrative, high-profile,
7  and exclusive contract with Apple; (b) competition was eroding its "leadership position" in the
8  smartphone industry; (c) delays in the development of its 8-megapixel product line were
9  threatening its prospects; and (d) it lacked a reasonable basis for its statements about its bright
10 prospects in the smartphone market. On August 25, 2011, OmniVision announced its results for
11 the fiscal first quarter of 2012 and provided guidance for the fiscal second quarter of 2012 that was
12 well below analyst expectations. The Company also disclosed delays in the production of its new
13 8-megapixel product line. Based on the Company's disappointing guidance, analysts recognized
14 that OmniVision would not be the exclusive producer of camera components for Apple's new,
15 fifth-generation iPhone – the iPhone 4S – set for release in the fall of 2011. As a result of these
16 revelations, OmniVision's stock declined $7.55 per share, or 30.4 percent, to close at $17.27 per
17 share on August 26, 2011, on extraordinary trading volume. On October 14, 2011, the iPhone 4S
18 became available for sale and for disassembly. Based on a logo stamped on the inside of the
19 camera sensor, experts determined that Sony – and not OmniVision – had supplied the CMOS
20 sensor for the iPhone 4S. In reaction to this news, OmniVision's stock fell $1.65 per share, or 9.3
21 percent, to close at $15.95 per share on October 14, 2011, on high trading volume.

## IV. ARGUMENT

### A. The Court Should Consolidate the Related Actions

The Private Securities Litigation Reform Act of 1995 requires that the question of consolidation be decided prior to the determination of the appointment of Lead Plaintiff. The Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) ("PSLRA") provides, among other things, for consolidation of substantially similar actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 77z-4(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class based on substantially the same facts has been filed. The court "shall" first decide the consolidation issue and thereafter decide the lead plaintiff issue "[a]s soon as practicable" after the consolidation motion has been decided. *Id.*

Given that the selection of Lead Plaintiff and Lead Counsel is the necessary first step to prosecute the actions, Movant urges the Court to grant the consolidation motion as soon as practicable and consolidate these related actions under the lowest case number. A prompt determination is reasonable and warranted under Federal Rule of Civil Procedure 42(a), given the common questions of fact and law presented by the actions now pending in this District.

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[4] Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See, e.g.*, *In re Equity Funding Corp. of Am. Sec. Litig*, 416 F. Supp. 161, 176 (C.D. Cal. 1976), *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y.

---

[4] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

MOT. TO. CONSOLIDATE CASES, APPOINT
DOUGHERTY AS LEAD PLF AND APPROVE
SELECTION OF COUNSEL – NO. 11-cv-5235-RMW      - 4 -
010293-11  494160 V1

1997).  Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced.  *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).  Consolidating shareholder class actions streamlines and simplifies pretrial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges.  *Id.  See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286 (E.D.N.Y. 1998).

As discussed above, the actions pending before this Court present identical factual issues; each one alleges violations of the federal securities laws and each action names nearly identical defendants.  The differences in the complaints are minor and will be resolved upon the filing of a consolidated complaint.  Because these actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate.

Accordingly, this Court should enter an Order that consolidates the related cases and all future related cases with the instant action.

**B.     William C. Dougherty Should Be Appointed Lead Plaintiff**

**1.      The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of Mr. Dougherty**

The PSLRA charges the Court with determining which lead plaintiff movant is most capable of adequately representing the class. The Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members … in accordance with this subparagraph.
>
> 15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The "most adequate plaintiff" is presumed to be the person that:

> The most adequate plaintiff in any private action arising under this title is the person or group of persons that -

MOT. TO. CONSOLIDATE CASES, APPOINT
DOUGHERTY AS LEAD PLF AND APPROVE
SELECTION OF COUNSEL – NO. 11-cv-5235-RMW         - 5 -
010293-11  494160 V1

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, Mr. Dougherty is the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed class. Mr. Dougherty has timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to obtain excellent results for the class. Consequently, this Court should appoint Mr. Dougherty as Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel for the class.

**2.   Mr. Dougherty Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

The PSLRA requires investors to file their motions to be appointed as Lead Plaintiff within sixty (60) days after notice is published. The plaintiff in the first-filed action published a notice on *Globe Newswire*, a national business-oriented wire service, on October 26, 2011. Mr. Dougherty filed his motion sixty (60) days after the notice was published. Accordingly, Mr. Dougherty satisfied the requirement of 15 U.S.C. § 77z1(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), by filing this motion within the 60-day time period requirement.

Moreover, Mr. Dougherty has sustained a substantial loss from his investment in OVTI securities and has shown his willingness to represent the class by signing a certification detailing his OVTI transactional information. Kathrein Decl., Ex. A. As demonstrated by this certification, Movant is prepared to consult with counsel on a regular basis, prior to every major litigation event,

and direct the course of the litigation, with the benefit of counsel's advice.  In addition, Mr. Dougherty has selected and retained highly competent counsel to represent the class with significant experience in securities class action litigation.  Kathrein Decl., Ex. D.

### 3. Mr. Dougherty Has the Largest Financial Interest of the Plaintiffs Who Have Submitted Applications for Lead Plaintiff

As a result of Mr. Dougherty's purchases of OVTI securities throughout the Class Period, he has suffered losses of $391,589.70  Kathrein Decl., Ex. C.  Mr. Dougherty believes he has the largest financial interest in this class action compared to any other party moving for Lead Plaintiff. The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class.  15 U.S.C. § 77z-l(a)(3)(B)(iii)(I)(bb).  "'So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status ….'"  *Ferrari v. Gisch,* 225 F.R.D. 599, 603 (C.D. Cal. 2004) (citing *In re Cavanaugh* 306 F.3d 726, 732 (9th Cir. 2002)).  Mr. Dougherty, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

### 4. Mr. Dougherty Satisfies the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provides that the Lead Plaintiff must satisfy the typicality and adequacy requirements of Rule 23(a).  *Siegall v. Tibco Software, Inc.*, No. C 05-2146, 2006 U.S. Dist. LEXIS 26780, at *14-*15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are the key factors.").  This Court's analysis of any other requirements of Rule 23 as it relates to class certification should be deferred until the Lead Plaintiff moves for class certification.  *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31, 2006 U.S. Dist. LEXIS 40607, at *15-*16 (C.D. Cal. May 2, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and

adequacy factors."). As detailed below, Mr. Dougherty satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

### a. Mr. Dougherty's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties are typical of the claims … of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics*, No. C 03-03709, 2005 U.S. Dist. LEXIS 41396, at *13 (N.D. Cal. Aug. 10, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because Mr. Dougherty's claims are identical to the claims of the other class members. Mr. Dougherty and all the members of the class purchased OVTI common stock when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Mr. Dougherty and the class members suffered damages as a result of these purchases. Simply put, Mr. Dougherty, like all the other class members: (1) purchased OVTI securities; (2) purchased OVTI securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Mr. Dougherty's claims and injuries "arise from the same event or course of conduct that [gave] rise to the claims of other class members." *Crossen*, 2005 U.S. Dist. LEXIS, 41396 at *13-*14.

Moreover, Mr. Dougherty is not subject to any unique or special defenses. Thus, Mr. Dougherty meets the typicality requirement of Rule 23 because Movant's claims are the same as the claims of the other class members.

MOT. TO. CONSOLIDATE CASES, APPOINT DOUGHERTY AS LEAD PLF AND APPROVE SELECTION OF COUNSEL – NO. 11-cv-5235-RMW
010293-11  494160 V1

- 8 -

### b. Mr. Dougherty Will Adequately Represent the Interests of the Class

The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the lead plaintiff has a "'sufficient interest in the outcome of the case to ensure vigorous advocacy."' *Miller v. Ventro Corp.*, No. C 01-01287, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D Cal. Nov. 28, 2001) (citing *Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)). As described below, Mr. Dougherty will adequately represent the interests of the class.

Movant's interests are clearly aligned with the members of the class because Movant's claims are identical to the claims of the class. There is no evidence of antagonism between Mr. Dougherty's interests and those of proposed class members. Furthermore, Mr. Dougherty has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Movant's identical interest with the members of the class, clearly shows that Mr. Dougherty will adequately and vigorously pursue the interests of the class. In addition, Mr. Dougherty has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent the fund and the class.

In sum, because of Mr. Dougherty's common interests with the class members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Mr. Dougherty not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Mr. Dougherty is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[5]

---

[5] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and (II) and § 78u-1(a)(3)(B)(iii)(I) and (II). Mr. Dougherty meets the presumption of adequacy.

MOT. TO. CONSOLIDATE CASES, APPOINT
DOUGHERTY AS LEAD PLF AND APPROVE
SELECTION OF COUNSEL – NO. 11-cv-5235-RMW           - 9 -
010293-11 494160 V1

### C. This Court Should Approve Mr. Dougherty's Choice of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 77z-1(a)(3)(B)(v) and § 78u-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-l(a)(3)(B)(iii)(II)(aa) and § 78u-l(a)(3)(B)(iii)(II)(aa). Mr. Dougherty has selected Hagens Berman to serve as Lead Counsel for the class. This firm has not only prosecuted complex securities fraud actions, but has successfully prosecuted many other types of complex cases. Kathrein Decl., Ex. D. This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

## V.   CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related actions; (2) appoint William C. Dougherty to serve as Lead Plaintiff in this action; (3) approve Mr. Dougherty s selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: December 27, 2011                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:  _____/s/ Reed R. Kathrein_____
            REED R. KATHREIN

Peter E. Borkon (212596)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 Fifth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

MOT. TO. CONSOLIDATE CASES, APPOINT
DOUGHERTY AS LEAD PLF AND APPROVE
SELECTION OF COUNSEL – NO. 11-cv-5235-RMW         - 10 -
010293-11  494160 V1

*Attorneys for Lead Plaintiff Movant Bill Dougherty*

MOT. TO. CONSOLIDATE CASES, APPOINT
DOUGHERTY AS LEAD PLF AND APPROVE
SELECTION OF COUNSEL – NO. 11-cv-5235-RMW           - 11 -
010293-11  494160 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2011, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ Reed R. Kathrein
REED R. KATHREIN

MOT. TO. CONSOLIDATE CASES, APPOINT
DOUGHERTY AS LEAD PLF AND APPROVE
SELECTION OF COUNSEL – NO. 11-cv-5235-RMW
010293-11  494160 V1

- 12 -