1  ABRAHAM, FRUCHTER
   & TWERSKY LLP
2  IAN D. BERG   (Bar No. 263586)
   TAKEO A. KELLAR (Bar No. 234470)
3  12526 High Bluff Drive, Suite 300
   San Diego, CA 92130
4  Tel:     (858) 792-3448
   Fax:     (858) 792-3449
5  *iberg@aftlaw.com*
   *tkellar@aftlaw.com*
6
   *Counsel for Puerto Rico Teachers*
7  *Retirement System and Proposed*
   *Lead Counsel*
8
9
10              UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA
12                   SAN JOSE DIVISION

13  WOBURN RETIREMENT SYSTEM,          Case No. CV 11-05235-RMW
    Individually and On Behalf of All Others
14  Similarly Situated,                NOTICE OF MOTION, MOTION,
                                       AND MEMORANDUM OF LAW IN
15                      Plaintiff,     SUPPORT OF THE MOTION OF
                                       GOVERNMENT OF PUERTO RICO
16          v.                         TEACHERS RETIREMENT SYSTEM
                                       FOR APPOINTMENT AS LEAD
17  OMNIVISION TECHNOLOGIES, INC.,     PLAINTIFF, APPROVAL OF ITS
    SHAW HONG, ANSON CHAN, and         SELECTION OF LEAD COUNSEL,
18  AURELIO "RAY" CISNEROS,            AND CONSOLIDATION OF ALL
                                       RELATED ACTIONS
19                      Defendants.

20                                     Date:      February 10, 2012
                                       Time:      9:00 a.m.
21                                     Courtroom: 6
                                       Judge:     Ronald M. Whyte
22
23  (caption continued on next page)
24
25
26
27
28

| | |
|---|---|
| LABORERS LOCAL 235 BENEFIT FUNDS, Individually and On Behalf of All Others Similarly Situated, | Case No. CV 11-05372-JSW |
| Plaintiff, | |
| v. | |
| OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and RAY CISNEROS, | |
| Defendants. | |
| CARBON COUNTY RETIREMENT BOARD, Individually and On Behalf of All Others Similarly Situated, | Case No. CV 11-06593-HRL |
| Plaintiff, | |
| v. | |
| OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO CISNEROS, | |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Government of Puerto Rico Teachers Retirement System ("Puerto Rico TRS") will hereby move, on February 10, 2012, at 9:00 a.m., in Courtroom 6 of the United States Courthouse, 280 South 1st Street, San Jose, California 95113, for an order: (1) appointing Puerto Rico TRS as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*; (2) approving its selection of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel; and (3) consolidating all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

This Motion is made on the grounds that Puerto Rico TRS timely filed this Motion, and is the "most adequate plaintiff[s]" by virtue of possessing the largest financial interest of all purchasers of OmniVision Technologies, Inc. ("OmniVision") securities during the longest alleged relevant period of between August 27, 2010 and November 6, 2011, inclusive (the "Class Period"). Puerto Rico TRS also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of other purchasers of OmniVision securities, and Puerto Rico TRS will fairly and adequately represent the interests of the other purchasers of OmniVision securities.

Further, Puerto Rico TRS has selected and retained Abraham, Fruchter & Twersky, an experienced and leading securities class action law firm that has been appointed sole or co-lead counsel in numerous complex securities class actions, including in this District. Puerto Rico TRS thus seeks this Court's approval of their selection of Abraham, Fruchter & Twersky as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.      PRELIMINARY STATEMENT ........................................................................... 1

II.     STATEMENT OF FACTS ................................................................................... 2

III.    ARGUMENT ........................................................................................................ 3

        A.      Puerto Rico TRS Should Be Appointed Lead
                Plaintiff .................................................................................................... 4

                1.      Puerto Rico TRS Has The Largest Financial
                        Interest In The Relief Sought ........................................................ 4

                2.      Puerto Rico TRS Otherwise  Satisfies The
                        Requirements Of Rule 23 ............................................................. 4

        B.      The Court Should Approve Puerto Rico TRS'
                Selection Of Lead Counsel ...................................................................... 6

        C.      The Court Should Consolidate The Related Actions ............................... 7

IV.     CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armour v. Network Assocs.*,
   171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...........................................................................6

*Bowman v. Legato Sys.*,
   195 F.R.D. 655, 659 (N.D. Cal. 2000) ............................................................................6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .........................................................................................4

*In re Equity Funding Corp. of Am. Sec. Litig.*,
   416 F. Supp. 161, 176 (C.D. Cal. 1976) .........................................................................8

*Erikson v. Cornerstone Propane Ptnrs.*,
   2003 U.S. Dist. LEXIS 18009 (N.D. Cal. Sept. 9, 2003) .................................................5

*Hall v. Medicis Pharm. Corp.*,
   2009 U.S. Dist LEXIS 24093 (D. Ariz. Mar. 10 2009) ....................................................7

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497, 508 (9th Cir. 1992) .................................................................................4

*Miller v. Ventro Corp.*,
   2001 WL 34497752, at *2 (N.D. Cal. Nov. 28, 2001).......................................................8

*Mohanty v. BigBand Networks, Inc.*,
   2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ..................................................................7

*Richardson v. TVIA, Inc.*,
   2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ...........................................4, 5

*Schwartz v. Harp*,
   108 F.R.D. 279 (C.D. Cal. 1985) ...................................................................................4

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003). ........................................................................................5

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 78(J)(B) .............................................................................................................1

15 U.S.C. § 78(t) ...................................................................................................................1

15 U.S.C. § 78u-4(a), et. seq...................................................................................... *passim*

17 C.F.R. § 240.10b-5...........................................................................................................1

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

Fed. R. Civ. P. 42 ................................................................................................................1, 7

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), reprinted in 1995
   U.S.C.C.A.N. 679, 690 ...................................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

Government of Puerto Rico Teachers Retirement System ("Puerto Rico TRS") respectfully submits this memorandum in support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of the law firm of Abraham, Fruchter & Twersky LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class; and (3) for consolidation of all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

## I.   PRELIMINARY STATEMENT

Currently pending in this District are three securities class actions (the "Actions"), brought on behalf of all persons who purchased securities of OmniVision Technologies, Inc. ("OmniVision," or the "Company") between the encompassing period of August 27, 2010 and November 6, 2011, inclusive (the "Class Period").  The Actions allege violations of Section 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78(J)(B) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against OmniVision and certain of its executive officers.  The first of the Actions was filed on October 26, 2011, by shareholder the Woburn Retirement System ("Woburn").  On October 26, 2011, Woburn published notice of the pendency of its action to investors, which provided a deadline to seek Lead Plaintiff status by December 27, 2011.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set

---

[1]  A copy of Woburn's notice is attached as Exhibit A to the Declaration of Ian D. Berg in Support of the Motion of Government of Puerto Rico Teachers Retirement System for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation (herein, the "Berg Decl.").

forth below, Puerto Rico TRS believes that it is the "most adequate plaintiff[s]" by virtue of its significant financial interest in OmniVision securities.[2]   Puerto Rico TRS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other members of the proposed class, and it will fairly and adequately represent the class.

In this regard, Puerto Rico TRS is a sophisticated institutional investor with experience serving as a Lead Plaintiff in this Circuit and is therefore the paradigmatic Lead Plaintiff under the PSLRA.   Moreover, Puerto Rico TRS has selected and retained Abraham, Fruchter & Twersky, a law firm with substantial experience in prosecuting securities class actions, including as Lead Counsel in this District, to serve as Lead Counsel for the class.   Accordingly, Puerto Rico TRS respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

II.     STATEMENT OF FACTS[3]

OmniVision is a designer and manufacturer of image sensors that capture initial image data and perform preliminary data processing.   Image sensors are used in digital cameras to convert an optical image into electronic signals.   OmniVision is one of the leading suppliers of complementary metal-oxide-semiconductors sensors for use in mobile telephones, offering 39 different products including 5- and 8-megapixel mobile phone sensors capable of producing high-definition video.

One of OmniVision's key, high-profile contracts has been with Apple, Inc. ("Apple"), with OmniVision serving as the ***exclusive supplier*** of camera sensors for Apple's immensely popular third- and fourth-generation iPhone smartphones, the iPhone 3GS and iPhone 4, which were released on June 9, 2009 and June 24, 2010, respectively.   OmniVision has also supplied Apple with camera sensors for its tablet computer, the iPad, as well as its portable media player and personal digital assistant, the iPod Touch.   Accordingly, the success of OmniVision was at all relevant times intrinsically linked with its exclusive contract with, and the success of, Apple.

---

[2]  A copy of the Certification of Puerto Rico TRS is attached to the Berg Decl. at Exh. B.

[3] The facts presented are compiled from the above-captioned Actions.

OmniVision failed to disclose during the Class Period that the Company had lost its exclusive contract to supply imaging sensors for Apple's iPhone 4S, which would substantially impact the Company's financial prospects.  Due to Defendants' false statements, OmniVision's stock traded at artificially inflated prices during the Class Period, as investors were misled about the state of the Company's contract with Apple.  The truth of the Company's deception was revealed through a series of disclosures.  On August 25, 2011, OmniVision announced results for the first quarter of fiscal year 2012 that were far below analysts' expectations.  Analysts speculated that the results were due to the Company losing its exclusivity with Apple for the iPhone 4S, which was set for release in October 2011.  As a result of this news, the price per share of OmniVision stock fell $7.55, or 30%, the next day.

On October 14, 2011, investors' fears, and analysts' speculation, were confirmed when the Apple iPhone 4S was officially released.  Experts dismantled and examined the phone's components and determined, based upon a logo stamped on the inside of the phone's camera's sensor, that Sony, and not OmniVision, had supplied the camera sensor for the iPhone 4S.  As a result of this news, the price per share of OmniVision fell again, by $1.65, or 9.4%, to close at $15.95.  Then, on November 7, 2011, OmniVision issued a press release – which it later filed with the SEC on Form 8-K – announcing that it was revising its projections for the second quarter in fiscal 2012 down by 20%.  The Company noted that it lowered projections because "[t]he company expects the business environment to remain volatile, especially in the consumer-oriented products market."  As a result of this news, the price per share of OmniVision stock fell $3.05, or 17.62%, to close at $14.26.

III.   ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Puerto Rico TRS  satisfies this deadline by making this motion.

A.    Puerto Rico TRS Should Be
      <u>Appointed Lead Plaintiff</u>

Puerto Rico TRS respectfully submits that it should be appointed Lead Plaintiffs because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B).   The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

1.    Puerto Rico TRS Has The Largest
      <u>Financial Interest In The Relief Sought</u>

Puerto Rico TRS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730; Berg Decl. at Exhs. B & C.  To the best of Puerto Rico TRS' knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest arising from the purchase OmniVision securities.  Accordingly, Puerto Rico TRS believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

2.    Puerto Rico TRS Otherwise
      <u>Satisfies The Requirements Of Rule 23</u>

In addition to possessing the largest financial interest in the outcome of the litigation, Puerto Rico TRS also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.  *See Richardson v. TVIA, Inc.*, No. 06-07307, 2007 U.S. Dist. LEXIS 28406, *15 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730).  Here, Puerto Rico TRS unquestionably satisfies both requirements.

Puerto Rico TRS' claims are typical of the claims of other purchasers OmniVision securities.  Generally, the test of typicality "is whether other members have the same or similar

1   injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

2   whether other class members have been injured by the same course of conduct." *Hanon v.*

3   *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D.

4   279, 282 (C.D. Cal. 1985)); s*ee also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *17

5   (typicality satisfied where the proposed lead plaintiff shared substantially similar questions of

6   law and fact with other members of the class and the claims arose from the same course of

7   conduct by defendants). Puerto Rico TRS' claims in this action arise from the very same course

8   of conduct as the claims of the other members of the class: (1) the purchase of OmniVision

9   securities during the Class Period; (2) at prices allegedly artificially inflated by defendants'

10   materially false and misleading statements and/or omissions; and (3) being damaged thereby.

11   *See Erikson v. Cornerstone Propane Ptnrs.*, No. C 03-2522 MHP, 2003 U.S. Dist. LEXIS 18009,

12   *11 (N.D. Cal. Sept. 9, 2003).

13        Puerto Rico TRS likewise satisfies the adequacy requirement of Rule 23. Under Rule

14   23(a)(4), the representative parties must fairly and adequately protect the interests of the class.

15   This requirement is met if "there are no conflicts between the representative and class interests

16   and the representative's attorneys are qualified, experienced, and generally able to conduct the

17   litigation." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (citing Fed. R. Civ. P. 23(a)(4);

18   *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). Puerto Rico TRS, who has experience

19   serving as Lead Plaintiff in this Circuit, easily satisfies the elements of the adequacy

20   requirement. Puerto Rico TRS' interests are perfectly aligned with those of the other members

21   of the class and are not antagonistic in any way. There are, furthermore, no facts suggesting that

22   any actual or potential conflict of interest or other antagonism exists between Puerto Rico TRS

23   and other class members. Puerto Rico TRS submitted a Certification, affirming its

24   understanding of the duties owed to class members through its commitment to oversee the

25   prosecution of this class action. *See* Berg Decl. at Exh. B. Through its Certification, Puerto

26   Rico TRS accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this

27   action. *Id*.

28

Further, Puerto Rico TRS is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA – a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) (quoting *Bowman v. Legato Sys.*, 195 F.R.D. 655, 659 (N.D. Cal. 2000)) ("As an institutional investor with a large financial stake in the outcome of this litigation, [Movant] 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'").

Finally, Puerto Rico TRS has demonstrated its adequacy through the selection of Abraham, Fruchter & Twersky to represent the class.  As discussed more fully below, Abraham, Fruchter & Twersky is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively, including in this District.

B.    The Court Should Approve Puerto Rico TRS'
      Selection Of Lead Counsel

The Court should approve Puerto Rico TRS' choice of the law firm of Abraham, Fruchter & Twersky to serve as Lead Counsel.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  Puerto Rico TRS has selected and retained the law firm of Abraham, Fruchter & Twersky.

Abraham, Fruchter & Twersky is among the preeminent securities class action law firms, with the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.  *See* Berg Decl. at Exh. D (Abraham, Fruchter & Twersky firm biography).  Abraham, Fruchter & Twersky has successfully prosecuted numerous securities fraud class actions and obtained excellent results on behalf of defrauded investors around the country. *Id.*

Accordingly, the Court should approve Puerto Rico TRS' selection of Abraham, Fruchter & Twersky as Lead Counsel for the class.

C.     The Court Should Consolidate The Related Actions

Three related Actions are presently pending before this Court.  The related Actions involve claims on behalf of Class members who purchased OmniVision securities on the open market during the Class Period.  All of the related Actions assert essentially the same claims brought on behalf of purchasers of OmniVision securities for alleged violations of Sections 10(b) and 20(a) of the Exchange Act.  All of the related Actions name the same defendants and allege substantially identical factual and legal issues.  Specifically, the pending Actions are:

| CASE | NUMBER | DATE FILED |
|------|--------|------------|
| *Woburn Ret. Sys. v. OmniVision Tech., Inc. et al.* | 11-cv-5235-RMW | 10/26/2011 |
| *Laborers Loc. 235 Ben. Fd. v. OmniVision Tech., Inc. et al.* | 11-cv-5372-JSW | 11/4/2011 |
| *Carbon County Ret. Bd. v. OmniVision Tech., Inc. et al.* | 11-cv-6593-HRL | 12/21/2011 |

Rule 42 of the Federal Rules of Civil Procedure provides that "if actions pending before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2).  The PSLRA requires that the question of consolidation be decided prior to the determination of the appointment of Lead Plaintiff.  *See*, *e.g.*, *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008).   Under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim
> or claims arising under this title has been filed, and any party has sought to
> consolidate those actions for pretrial purposes or for trial, the court shall not make
> the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until
> after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42 is proper and routinely granted in actions such as this, where there are common questions of law and fact.  *See*, *e.g.*, *Hall v. Medicis Pharm. Corp.*, No. 08 Civ. 1821, 2009 U.S. Dist LEXIS 24093, at *4-*5 (D. Ariz. Mar. 10 2009) (affirming "Consolidation is often warranted where multiple securities fraud class actions are based on the

1   same public statements and reports," citations omitted); *Mohanty*, 2008 WL 426250, at *2.

2   Courts have recognized that class action shareholder suits are particularly suited to consolidation

3   pursuant to Rule 42 because their unification expedites pretrial proceedings, reduces case

4   duplication, avoids the harassment of parties and witnesses from inquiries in multiple

5   proceedings, and minimizes the expenditure of time and money by all persons concerned. *See*,

6   *e.g.*, *Miller v. Ventro Corp.*, No. 01-1287, 2001 WL 34497752, at *2 (N.D. Cal. Nov. 28, 2001);

7   *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

8   Consolidating multi-shareholder class action suits not only simplifies pretrial and discovery

9   motions, class action issues, and clerical and administrative management duties, but also reduces

10  the confusion that may result from prosecuting related class actions separately. *Id*.

11         Accordingly, the Court should enter an Order that consolidates the related cases and all

12  future related cases with the instant action.

13  IV.   <u>CONCLUSION</u>

14         As explained above, Puerto Rico TRS is the "most adequate plaintiff." Puerto Rico TRS

15  has the "largest financial interest" arising out of the purchase of OmniVision securities. Puerto

16  Rico TRS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil

17  Procedure as adequate class representatives with claims typical of the other purchasers of

18  OmniVision securities. Accordingly, Puerto Rico TRS respectfully requests that the Court: (1)

19  appoint Puerto Rico TRS as Lead Plaintiff; (2) approve the selection of Abraham, Fruchter &

20  Twersky to serve as Lead Counsel; and (3) consolidate all related actions.

21  Dated: December 27, 2011                    Respectfully submitted,

22                                              ABRAHAM, FRUCHTER &
                                                   TWERSKY, LLP
23

24                                                  ____*/s/ Ian D. Berg*____
                                                        IAN D. BERG
25

26                                              IAN D. BERG
                                                TAKEO A. KELLAR
27                                              12526 High Bluff Drive, Suite 300
                                                San Diego, CA 92130
28                                              Tel:   (858) 792-3448
                                                Fax:   (858) 792-3449
                                                iberg@aftlaw.com

*tkellar@aftlaw.com*

ABRAHAM, FRUCHTER &
   TWERSKY, LLP

MITCHELL M.Z. TWERSKY
ATARA HIRSCH
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:    (212) 279-5050
Fax:    (212) 279-3655
*mtwersky@aftlaw.com*
*ahirsch@aftlaw.com*

*Counsel for Puerto Rico Teachers Retirement
System and Proposed Lead Counsel*