Brian J. Barry (SBN 135631)
LAW OFFICE OF BRIAN BARRY
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 788-0831
Facsimile: (310) 788-0841
Email: bribarry1@yahoo.com

Marc I. Gross
Jeremy A. Lieberman
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| WOBURN RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO "RAY" CISNEROS,<br><br>Defendants. | Case No. 5:11-cv-05235-RMW<br><br>**NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: February 3, 2012<br>TIME: 9:00 a.m.<br>JUDGE: Honorable Ronald M. Whyte<br>CTRM: 6 – 4th Floor |

| | |
|---|---|
| LABORERS LOCAL 235 BENEFIT FUNDS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and RAY CISNEROS,<br><br>      Defendants. | Civil No. 3:11-cv-05372-JSW |
| CARBON COUNTY RETIREMENT BOARD, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO CISNEROS,<br><br>      Defendants. | Civil No. 5:11-cv-06593-HRL |

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that GAL – Nihul Kupot Gemel Leovdei Hora'a Ltd. ("GAL"), by and through its counsel, will and do hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on February 3, 2012 at 9:00 a.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Ronald M. Whyte, in Courtroom 6 at the United States District Court for the Northern District of California, situated at 280 South 1st Street, San Jose, California, 95113, for an Order (attached hereto as Exhibit A): (i) consolidating the Related Actions filed in this Court; (ii) appointing GAL as Lead Plaintiff on behalf of all persons that purchased or otherwise acquired OmniVision Technologies, Inc. ("OmniVision" or the "Company") securities; (iii) approving its selection of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel and Law Office of Brian Barry ("Barry") as Liaison Counsel; and (iv) granting such other and further relief as the Court may deem just and proper. In support of this Motion, GAL submits a Memorandum of Points and Authorities and the Declaration of Brian J. Barry and exhibits attached hereto, the pleadings and other filings herein and such other written and oral arguments as may be presented to the Court.

This Motion is made on the grounds that GAL is the most adequate plaintiff, as defined by the PSLRA, based on its loss of $247,583, which was suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Further, GAL satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF ISSUES TO BE DECIDED**

Presently pending in this Court are three securities class actions lawsuits[1] (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired OmniVision securities during the Class Period. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Also pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, GAL, with a loss of $247,583 in connection with its purchases of OmniVision securities during the Class Period, is an adequate and typical to serve as lead plaintiff. GAL believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for these actions. GAL has the largest

---

[1] The actions are entitled: *Woburn Retirement System v. Omnivision Technologies, Inc.*, 5:11-cv-05235-RMW; *Laborers Local 235 Benefit Funds v. Omnivision Technologies, Inc.*, 3:11-cv-5372-JSW; and *Carbon County Retirement Board v. Omnivision Technologies, Inc.*, 5:11-cv-06593-HRL. The *Woburn* and *Laborers Local 235 Benefit Funds* actions are on behalf of all persons who purchased or otherwise acquired OmniVision securities between August 27, 2010 and October 13, 2011. The *Carbon County Retirement Board* action is on behalf of all persons who purchased or otherwise acquired OmniVision securities between May 27, 2011 and November 6, 2011.

Accordingly, the longest most inclusive class period based on the filed actions is August 27, 2010 through November 6, 2011 (the "Class Period"). For the purpose of determining the lead plaintiff, it is proper to use "the longer, most inclusive class period … as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp.2d 398, 402 (S.D.N.Y. 2006). *See also HCL Partners Limited P'ship. V. Leap Wireless Int'l., Inc.*, 2008 U.S. Dist. LEXIS 43615, at *4 n.2 (S.D. Cal. May 22, 2008) (using the longest class period to determine the lead plaintiff.).

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR
CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
2

financial interest in the relief sought in these actions by virtue of its substantial investment in OmniVision securities during the Class Period and the loss it suffered as a result of Defendants' misconduct. GAL further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members. Accordingly, GAL respectfully submits that it should be appointed Lead Plaintiff.

In addition, GAL's selection of the Pomerantz firm to serve as Lead Counsel and the Barry firm to serve as Liaison Counsel should be approved because they possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.      STATEMENT OF FACTS

OmniVision is a designer and manufacturer of image sensors that capture initial image data and perform preliminary data processing. OmniVision is one of the leading suppliers of complementary metal-oxide-semiconductor sensors for use in mobile devices, offering 39 different products including 5-and 8-megapixel mobile phone sensors capable of producing high-definition video.

During the Class Period, one of OmniVision's most significant contracts was with Apple, Inc. ("Apple'). OmniVision was the exclusive supplier of camera sensors for Apple's third and fourth generation iPhone smartphones, the iPhone 3GS and the iPhone 4, which were released on June 9, 2009 and June 24, 2010, respectively. OmniVision has also supplied Apple with camera sensors for its tablet computer, the iPad, and its portable media player and personal digital assistant, the iPod Touch.

During the Class Period, Defendants issued materially false and misleading statements regarding the Company's business and financial results. Specifically, Defendants failed to disclose that (1) it had lost its lucrative, high-profile, and exclusive contract with Apple; (2) competition was eroding the Company's leadership position in the smartphone industry; (3) delay in the development of its 8-megapixel product line were threatening OmniVision's business prospects; and (4) the Company lacked a reasonable basis for its statements about its future prospects in the smartphone market.

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

3

On August 25, 2011, the Company announced financial results for its fiscal first quarter of 2012. The Company disclosed delays in the production of its new 8-megapixel product line. Based on the Company's disappointing guidance, analysts surmised that OmniVision would no longer be the exclusive producer of camera sensors for Apple's new, fifth generation iPhone 4S. On this news, the Company's shares declined $7.55 per share, or 30%, to close on August 26, 2011, at $17.27 per share.

On October 14, 2011, the iPhone 4S was released to the market. It was reported in the media that based on a logo stamped on the inside of the sensor, experts determined that Son--and not OmniVision--had supplied the camera sensor for the iPhone 4S. As a result of this news, OmniVision's stock fell $1.65 per share or 9%, to close at $15.95 per share on October 14, 2011.

On November 7, 2011, OmniVision revised its second quarter fiscal 2012 projections downward by 20 percent as the "company expects the business environment to remain volatile, especially in the consumer-orientated products market." In reaction to this news, OmniVision shares fell $3.05 per share, or more than 17%, to close at $14.26 per share on November 7, 2011.

### III. ARGUMENT

#### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

On October 26, 2011, the first of the three above-captioned actions against OmniVision was filed in the Northern District of California. These Related Actions allege the same factual events and name similar defendants. Further, the complaints allege similar legal bases for their claims: Sections 10(b) and 20(a) of the Exchange Act. In sum, the Related Actions involve common questions of fact and law. Accordingly, pursuant to Fed. R. Civ. P. 42(a), the Related Actions may be consolidated for all purposes.

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would avoid unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the

> matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed. R. Civ. P. 42(a). *See also Manuel for Complex Litig. (3d),* 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. 78u-4(a)(3)(A)(ii), and did not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999). Under the traditional principles of consolidation, complaints may be consolidated regardless of whether the individual claims or causes of action are identical. As one court has recently noted, "neither Rule 42 nor the PSLRA demands that the actions be identical." *Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp.2d 1129, 1133 (C.D. Cal. 1999). Indeed, it has long been routine in federal securities actions to consolidate such complaints, and considered prejudicial to defendants not to consolidate such actions. *See, e.g., Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967).

As noted above, here, the allegations in the Related Actions are based on the same underlying facts and events and charge the same core defendants with violations of the federal securities laws.

The consolidation of these actions will expedite pretrial proceedings, reduce duplication, avoid contacting of parties and witnesses for inquiries in multiple proceedings and minimize the expenditure of time and money by all persons concerned. Moreover, consolidation will reduce the confusion and delay that may result from prosecuting these related class action cases separately. Further, the defendants have not pointed to any prejudice that they would suffer as a result of the consolidation of these actions. Thus, the motion by GAL to consolidate the Related Actions should be granted.

### B. GAL SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

5

serve as Lead Plaintiff filed by a class member in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*, 1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

As set forth below, GAL satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. GAL Is Willing to Serve as Class Representative

On October 26, 2011, counsel in the first filed action against the defendants caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and investors of OmniVision had until December 27, 2011, to file a motion to be appointed as Lead Plaintiff. *See* Barry Decl., Exhibit A.

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR
CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

GAL has filed the instant motion pursuant to the Notice and has attached a Certification attesting to its willingness to serve as a class representative for the Class and to provide testimony at depositions and trial, if necessary. GAL is a provident fund established in 1998, located in Tel Aviv, Israel and serves as a fund manager for the Teachers Organization in Israel. Dov Ronen, who signed the attached Certification, is the Chief Executive Officer of GAL. GAL has ownership of its OmniVision securities. *See* Barry Decl., Exhibit B. Accordingly, GAL satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. GAL Has the Largest Financial Interest in the Action

As noted above, the PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, GAL believes that it has the largest financial interest of any movants in the relief sought by the Class. During the Class Period, (1) GAL purchased 14,805 shares of OmniVision securities; (2) expended $428,935 on its purchases of OmniVision securities; (3) retained all of its OmniVision securities; and (4) as a result of the revelations of the fraud, GAL suffered a loss of $247,583. *See* Barry Decl., Exhibit C. S*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Because GAL possesses the largest financial interest in the

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

7

outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. GAL Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA requires that the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-(a)(3)(B)(iii)(I)(cc). With respect to the claims of a class representative, Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. For purposes of a motion to appoint lead plaintiff pursuant to the PSLRA, however, all that is required is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Aronson*, 79 F. Supp. 2d at 1158 (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999)). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id. See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

GAL's claims are typical of those of the Class. GAL alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning OmniVision, or omitted to state material facts

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR
CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

8

necessary to make the statements not misleading. GAL, as did all members of the Class, purchased OmniVision securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

GAL is an adequate representative for the Class. There is no antagonism between its interests and those of the Class and its loss demonstrates that it has sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in prosecuting securities class actions such as this action, vigorously and efficiently, and submit its choices to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. GAL Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the GAL as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

      (aa)    will not fairly and adequately protect the interest of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

GAL's ability and desire to fairly and adequately represent the Class have been discussed above. GAL's is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Thus, GAL should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15. The Court should only interfere with lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, GAL has selected the Pomerantz firm to serve as Lead Counsel and the Barry firm to serve as Liaison Counsel for the Class. As detailed in their firm resumes (*see* Barry Decl., Exhibits D and E), the Pomerantz firm and the Barry firm have extensive expertise and experience in the field of securities litigation and have successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Thus, the Court may be confident that the Class will receive the highest caliber of legal representation.

### CONCLUSION

WHEREFORE, GAL respectfully requests that the Court issue an order: (1) consolidating the related actions; (2) appointing GAL as Lead Plaintiff for the Class; (3) approving GAL's selection of Lead and Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

10

Dated: December 27, 2011

Respectfully submitted,

**LAW OFFICE OF BRIAN BARRY**

By: *s/ Brian J. Barry*
Brian J. Barry
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 788-0831
Facsimile:  (310) 788-0841

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone:     (212) 661-1100
Facsimile:     (212) 661-8665

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:     (312) 377-1181
Facsimile:     (312) 377-1184

*Counsel for Movant and Proposed Lead Counsel and Liaison Counsel for the Class*
NOTICE OF MOTION AND MOTION OF GAL – NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

11

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On December 27, 2011, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION OF GAL - NIHUL KUPOT GEMEL LEOVDEI HORA'A LTD. FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

 **[PROPOSED] ORDER**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 27, 2011, at Los Angeles, California.

I also hereby certify that I caused an electronic copy of the foregoing documents to be forwarded via email to the following Designated Internet Site, in compliance with
Civil L.R. 23-2(c)(2):

Securities Class Action Clearinghouse
Stanford University School of Law
Crown Quadrangle
Stanford, CA 94305-8612
scac@law.stanford.edu

                                           *s/ Brian Barry*
                                           Brian Barry

# Mailing Information for a Case 5:11-cv-05235-RMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel A. Avan**
  ravan@labaton.com

- **Cynthia A. Dy**
  cdy@wsgr.com

- **Christopher J. Keller**
  ckeller@labaton.com,cchan@labaton.com,electroniccasefiling@labaton.com

- **Angie Young Kim**
  aykim@wsgr.com

- **Michael Walter Stocker**
  mstocker@labaton.com,ejo@labaton.com,ElectronicCaseFiling@labaton.com

- **Nancy Tompkins**
  tompkins@kerrwagstaffe.com,bthomas@kerrwagstaffe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`