GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
ROBERT V. PRONGAY (#270796)
CASEY E. SADLER (#274241)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
E-mail: info@glancylaw.com

MURRAY FRANK LLP
Marvin L. Frank
Katherine E. Smith
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892
Email: mfrank@murrayfrank.com
        ksmith@murrayfrank.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOBURN RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO "RAY" CISNEROS,<br><br>Defendants. | Case No. Case No. 11-CV-5235-RMW<br><br>**NOTICE OF MOTION OF CARBON COUNTY RETIREMENT BOARD FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:   February 3, 2012<br>Time:  9:00 a.m.<br>Courtroom 6, 4th Floor** |

[Caption continued on following page]

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF

| | |
|---|---|
| LABORERS LOCAL 235 BENEFIT FUNDS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO CISNEROS,<br><br>Defendants. | Case No. 11-CV-5372-JSW |
| CARBON COUNTY RETIREMENT BOARD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC., SHAW HONG, ANSON CHAN, and AURELIO CISNEROS,<br><br>Defendants. | Case No. 11-CV-6593-HRL |

# TABLE OF CONTENTS

NOTICE OF MOTION ........................................................................................................... 1

STATEMENT OF RELIEF SOUGHT.................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 2

PROCEDURAL HISTORY ..................................................................................................... 4

ARGUMENT............................................................................................................................ 4

    A.    Consolidation is Appropriate ................................................................................ 4

    B.    The CCRB Should Be Appointed Lead Plaintiff ................................................. 5

        1.    CCRB Has Both Filed A Complaint and Moved To Be Appointed Lead Plaintiff ...................................................................................................... 6

        2.    The CCRB Has The Largest Financial Interest Submitted By A Plaintiff For The Class ......................................................................................... 7

        3.    The CCRB Otherwise Satisfies the Requirements Of Rule 23 Of Rule 23 Of The Federal Rules Of Civil Procedure............................................ 7

            a.    CCRB's Claims Are Typical ........................................................ 8

            b.    The CCRB Is An Adequate Representative ................................ 9

        4.    The CCRB Is Presumptively The Most Adequate Lead Plaintiff ......... 10

    C.    The CCRB's Choice Of Counsel Should Be Approved .................................... 10

CONCLUSION....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*City of Harper Woods Employees Retirement System v. AXT, Inc.*,
  Case No. 04-4362-MJJ, 2005 WL 318813 (N.D. Cal. Feb. 7, 2005) ................................... 8

*Curry v. Hansen Medical, Inc., Case*,
  Nos. 09-cv-5094-JF, 09-cv-5212-JW, 09-cv-5367-JRB,
  2010 WL 702432 (N.D. Cal. Feb. 25, 2010) ........................................................................ 8

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................................................ 8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ......................................................................................... 8, 11

*In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
  693 F.2d 847 (9th Cir. 1982) ................................................................................................ 9

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. April 16, 2007) ......................... 5, 10

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) .................................................................................. 5

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) ......................................................................................... 9

*Weisz v. Calpine Corp.*,
  No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. 2002) .................................................. 9

**Statutes**

15 U.S.C. §§78j(b) and 78t(a) .................................................................................................... 4
15 U.S.C. §78u-4(a)(3)(B) ......................................................................................................... 6
15 U.S.C. §78u-4(a)(3)(B)(iii) ............................................................................................... 6, 7
15 U.S.C. §78u-4(a)(3)(B)(iii)(bb) ............................................................................................ 7
15 U.S.C. §78u-4(a)(3)(b)(iii)(I) .............................................................................................. 10

**Rules**

Fed. R. Civ. P. 23(a) ......................................................................................................... 7, 8, 9
Rule 23 of the Federal Rules of Civil Procedure ............................................................. 6, 7, 8
Rule 42 of the Federal Rules of Civil Proce dure ..................................................................... 5

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD
COUNSEL; MEMORANDUM IN SUPPORT THEREOF
ii

Rule 42(a) of the Federal Rules of Civil Procedure ............................................................. 4, 5

**Regulations**

17 C.F.R. 10b-5 ........................................................................................................................ 4

# NOTICE OF MOTION

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on Friday, February 3, 2012, at 9:00 a.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Ronald M. Whyte, in Courtroom 6 at the United States District Court for the Northern District of California, situated at 280 South 1st Street, San Jose, California, 95113, lead plaintiff movant the Carbon County Retirement Board (the "CCRB") will move, and hereby does move, for an order (a) consolidating the related actions[1]; (b) appointing the CCRB as lead plaintiff, and (c) approving the CCRB's selection of Murray Frank LLP ("Murray Frank") as lead counsel for the Class and of Glancy Binkow & Goldberg LLP ("Glancy Binkow") as liaison counsel.

# STATEMENT OF RELIEF SOUGHT

The CCRB seeks consolidation of the related actions, appointment as lead plaintiff and approval of lead counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached Memorandum of Points and Authorities, the declaration of Lionel Glancy and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

---

[1] These actions are: *Woburn Retirement System v. OmniVision Technologies, Inc., et al.*, Index No. 11-cv-5235-RMW (the "Woburn Action"), *Laborers Local 235 Benefit Funds v. OmniVision Technologies, Inc., et al.*, Index No. 11-cv-5372-JSW (the "Laborers Local 235 Action"), and *Carbon County Retirement Board v. OmniVision Technologies, Inc., et al.*, Index No. 11-cv-6593-HRL (the "CCRB Action")

## **MEMORANDUM OF POINTS AND AUTHORITIES**

This is a Class Action brought on behalf of Plaintiff and all other persons or entities who purchased or otherwise acquired publically traded securities of OmniVision Technologies Inc., ("OmniVision" or the "Company") during the period between May 27, 2011 and November 6, 2011, inclusive (the "Class Period")[2], seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are OmniVision and certain of its directors and executive officers.

Defendant OmniVision is a Delaware corporation with its headquarters in Santa Clara, California. OmniVision designs and markets worldwide high-performance complementary metal-oxide-semiconductor ("CMOS") sensors that are used in digital cameras, mobile telephones and smartphones (such as the Apple iPhone) to convert optical images into electronic signals.

The Complaint in this action alleges that throughout the Class Period Defendants made materially false and/or misleading statements and omitted material adverse facts regarding the Company's operations, business, and outlook, specifically with respect to its exclusive contract with key customer Apple Inc., as the continued exclusive supplier of image sensors in the cameras of Apple's iPhones, including the new iPhone 4S. Specifically, Defendants made false and/or misleading statements and/or omitted to state material facts that (1) OmniVision knew by May 27, 2011 that it had lost its exclusive contract for supplying component parts, specifically

---

[2] On October 26, 2011, Plaintiff Woburn Retirement System filed the first case in the related actions, the Woburn Action. That action proposed a Class Period from August 27, 2010 through October 13, 2011, inclusive. Subsequently, on November 4, 2011, Plaintiff Laborers Local 235 Benefit Funds filed a related action, the Laborers Local 235 Action, which proposed the same Class Period. On December 21, 2011, Plaintiff CCRB filed its related action, the CCRB Action, which proposed a class period from May 27, 2011 through November 6, 2011, inclusive.

images sensors for Apple's iPhone; (2) competition was eroding and the Company's position in the smartphone industry had deteriorated; (3) delays in the Company's product line were threatening its prospects; and (4) as a result of the above, Defendants lacked a reasonable basis to state, as they did during a May 26, 2011 conference call with investors and analysts, that the Company was experiencing "strong growth in the handset market, because of the smartphone category."

The truth was gradually revealed to the public. On August 25, 2011, OmniVision announced results for its fiscal first quarter of 2012 that were far below analyst expectations. Analysts rightly deduced that the Company's lowered projections were due to the fact that the Company would not be the exclusive supplier of Apple's-new iPhone 4S, set for release in October 2011. In response to the news, OmniVision's stock price plummeted more than 30%, from a close of $24.82 per share on August 25, 2011 to a close of $17.27 per share on August 26, 2011.

Subsequently, on October 14, 2011, the market's fears and analysts' conclusions were confirmed when Apple's iPhone 4S was released. Experts dismantled and examined the phone's components and determined that Sony, not OmniVision, had supplied the camera sensor component. Upon the news, the Company's stock price fell dramatically again, by more than 9%, from a close of $17.60 per share on October 13, 2011 to a close of $15.95 per share on October 14, 2011.

Then, on November 7, 2011, OmniVision issued a press release announcing that it was revising its projections for the second quarter of fiscal 2012 down by 20%, to $212 - $217 million. The Company noted that the lowered projections are expected because "[t]he company expects the business environment to remain volatile, especially in the consumer-orientated

products market." Following this announcement, OmniVision's stock price took another tumble, down 17.62% from a close of $17.31 per share on November 4, 2011 (the last trading day before the press release was issued), to a close of $14.26 per share on November 7, 2011.

## PROCEDURAL HISTORY

Plaintiff Woburn Retirement System commenced this action on October 26, 2011, and on the same date, counsel for Woburn Retirement System published a notice of the pendency of the case on GLOBE NEWSWIRE, a widely circulated national business-oriented wire service. *See* Declaration of Lionel Glancy in Support of Motion of Carbon County Retirement Board for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel (the "Glancy Declaration") at Exhibit A. Subsequently, two additional actions were filed, and each of the actions filed is now before this Court. Each of the complaints alleged substantially the facts described above and set forth the legal bases for Plaintiff's claims, specifically Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5.

The CCRB brings the instant motion for, *inter alia*, consolidation of the related actions, appointment of Murray Frank as lead plaintiff pursuant to the Complaint and notice of pendency, and files this motion prior to the expiration of the 60-day period from publication of Woburn Retirement System's October 26, 2011 notice.

## ARGUMENT

### A.  Consolidation Is Appropriate

Under Section 21D(a)(3)(B)(ii) of the Exchange Act, the Court must decide the motion to consolidate before determining the Lead Plaintiff. Rule 42(a) of the Federal Rules of Civil

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF
4

Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact.  The CCRB asks this Court to consolidate all related actions, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of the securities of OmniVision which arise out of the same facts as alleged in the above-referenced actions and allege violations of Section 10(b) of the Exchange Act.

The three class actions currently before the Court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of conduct, as described above.  Consolidation is appropriate when multiple cases "allege the same misrepresentations and omissions by" defendants and have similar class definitions.  *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. April 16, 2007) (Whyte, J.); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1130 (C.D. Cal. 1999).  Since the complaints present similar issues of law and fact, consolidation of these actions promotes judicial economy by streamlining and simplifying pre-trial and discovery motions and class certification issues, and by reducing the waste, confusion, and delay that could result from multiple trials.  *See Takeda*, 67 F. Supp. 2d at 1133.

### B. The CCRB Should Be Appointed Lead Plaintiff

Section 21(D)(a)(3)(B) of the PSLRA provides the procedure for selecting a Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to

consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, the CCRB satisfies all three of these criteria and thus is entitled to the presumption that it is the "most adequate plaintiff."

### 1. CCRB Has Both Filed A Complaint And Moved To Be Appointed Lead Plaintiff

The CCRB commenced its action on December 21, 2011 and files the instant motion pursuant to its Complaint and the notice of pendency of the Woburn Action filed pursuant to §21D(a)(3)(A)(I) of the PSLRA by counsel for the Woburn Retirement System on October 26, 2011 (the "Notice"), advising purchasers of OmniVision securities that the time period in which class members may move to be appointed lead plaintiff herein expires no later than December 27, 2011. The CCRB files the instant motion pursuant to its Complaint and the Notice, and submits herewith its sworn certification attesting that it is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Glancy Declaration, Exhibit B. Accordingly, The CCRB satisfies both the requirements of filing a

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF

6

complaint and making a motion in response to a published notice. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. The CCRB Has The Largest Financial Interest Submitted By A Plaintiff For The Class

In accordance with the PSLRA, a court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, the CCRB purchased shares of OmniVision stock at a price alleged to be artificially inflated by Defendants' materially false and misleading statements and omissions and, as a result, the CCRB has suffered a loss of $119,609.00. *See* Glancy Declaration, Exhibit C.

To the best of its knowledge, the CCRB believes that it has the largest known financial interest in this case of any Class member who timely filed an application for appointment as lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. See 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

### 3. The CCRB Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21(D)(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In determining that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d 726, 720 (9th Cir. 2002). Consequently, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Curry v. Hansen Medical, Inc.*, Case Nos. 09-cv-5094-JF, 09-cv-5212-JW, 09-cv-5367-JRB, 2010 WL 702432, *2 (N.D. Cal. Feb. 25, 2010) ("Because failure to satisfy prongs (1) or (2) [of Rule 23] would preclude certifying a class in the first instance, [the Court's assessment of a lead plaintiff motion] focuses on typicality and adequacy"); *City of Harper Woods Employees Retirement System v. AXT, Inc.*, Case No. 04-4362-MJJ, 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005) ("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23"). The CCRB satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff for the Class.

### a. CCRB's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, CCRB's claims are typical of the claims asserted by the Class. The CCRB, like all members of the Class, alleges that Defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning OmniVision's operations,

business, and outlook. The CCRB, like all members of the Class, purchased OmniVision shares during the Class Period artificially inflated by Defendants' misrepresentations and omissions, and were damaged thereby. Thus, CCRB's claims are closely aligned with other Class members' claims, and they are, therefore, typical of the other members of the Class.

### b. The CCRB Is An Adequate Representative

The Rule 23(a) adequacy of representation requirement is satisfied where it is established a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (*citing In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Tanne*, 226 F.R.D. at 667 (citation omitted); *see also Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *9 (N.D. Cal. 2002) (Armstrong, J.).

The CCRB has demonstrated its adequacy as the lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that it is willing and able to take an active role in and control the litigation. The CCRB has communicated with experienced counsel concerning the initiation of this case and has made this motion to be appointed lead plaintiff. The CCRB is not aware of any antagonism between its interests and those of other Class members. Moreover, the CCRB has sustained substantial financial losses – in the amount of $119,609.00 – from its investment in OmniVision securities and is, therefore, motivated to pursue the claims in this action. *See* Glancy Declaration, Exhibit C.

### 4. The CCRB Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing the CCRB as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class;
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

The presumption that the CCRB is the most adequate lead plaintiff is not, therefore, subject to rebuttal. The CCRB believes that it has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. The CCRB's ability to fairly and adequately represent the Class is discussed above. The CCRB is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the Class. In addition, as discussed below, the CCRB has selected and retained competent and experienced counsel to represent it and the Class. *See Richardson*, 2007 WL 1129344 at *4-5 ("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."). Accordingly, the CCRB should be appointed lead plaintiff for the Class.

### C. The CCRB's Choice Of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF
10

not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. *See Cavanaugh*, 306 F.3d at 733. In the instant case, CCRB has retained Murray Frank to pursue this litigation on its behalf, and will retain this firm as plaintiff's lead counsel, in the event that CCRB is appointed lead plaintiff. CCRB has also retained Glancy Binkow as liaison counsel. Murray Frank and Glancy Binkow possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm résumés attached to the Glancy Declaration as Exhibit D. Thus, the Court may be assured that, by granting Plaintiff's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the CCRB respectfully asks the Court to grant its motion and enter an Order (a) appointing the CCRB as lead plaintiff, and (b) approving its selection of Murray Frank LLP as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel, and granting such other relief as the Court may deem just and proper.

Dated: December 27, 2011   **GLANCY BINKOW & GOLDBERG LLP**

By: *s/ Michael Goldberg*
Michael Goldberg
Lionel Z. Glancy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

Marvin L. Frank
Katherine E. Smith
**MURRAY FRANK LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
Phone: (212) 682-1818
Fax: (212) 682-1892
E-Mail: mfrank@murrayfrank.com
　　　　ksmith@murrayfrank.com

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On December 27, 2011, I caused to be served the following documents:

**NOTICE OF MOTION OF CARBON COUNTY RETIREMENT BOARD FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[PROPOSED] ORDER GRANTING MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 27, 2011, at Los Angeles, California.

I also hereby certify that I caused an electronic copy of the foregoing documents to be forwarded via email to the following Designated Internet Site, in compliance with Civil L.R. 23-2(c)(2):

Securities Class Action Clearinghouse
Stanford University School of Law
Crown Quadrangle
Stanford, CA 94305-8612
scac@law.stanford.edu

                                      *s/Michael Goldberg*
                                      Michael Goldberg

# Mailing Information for a Case 5:11-cv-05235-RMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel A. Avan**
  ravan@labaton.com

- **Cynthia A. Dy**
  cdy@wsgr.com

- **Christopher J. Keller**
  ckeller@labaton.com,cchan@labaton.com,electroniccasefiling@labaton.com

- **Angie Young Kim**
  aykim@wsgr.com

- **Michael Walter Stocker**
  mstocker@labaton.com,ejo@labaton.com,ElectronicCaseFiling@labaton.com

- **Nancy Tompkins**
  tompkins@kerrwagstaffe.com,bthomas@kerrwagstaffe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`