ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
        – and –
BRIAN O. O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOBURN RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>      vs.<br><br>OMNIVISION TECHNOLOGIES, INC., et al.,<br><br>              Defendants. | Case No. CV-11-5235-RMW-HRL<br><br>CLASS ACTION<br><br>MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:     February 10, 2012<br>TIME:     9:00 a.m.<br>CTRM:    6 |

673837_1

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, February 10, 2012, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the Honorable Ronald M. Whyte, Macomb County Employees' Retirement System ("Macomb County") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions; (2) appointing Macomb County as lead plaintiff; and (3) approving Macomb County's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel. This Motion is made on the grounds that Macomb County is the "most adequate plaintiff" to serve as lead plaintiff.[1] In support of this Motion, Macomb County submit herewith a Memorandum of Points and Authorities and the Declaration of Brian O. O'Mara ("O'Mara Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District are two related securities class action lawsuits ("Related Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of OmniVision Technologies, Inc. ("OmniVision" or the "Company") between August 27, 2010 through October 13, 2011, inclusive (the "Class Period"):[2]

---

[1] This Court's Standing Order Regarding Case Management in Civil Cases requires a conference of counsel to determine if the selected hearing date would case "undue prejudice." Because of the PSLRA's lead plaintiff procedure, however, Macomb County will not know which other class members, if any, may seek appointment as lead plaintiff until after motions are filed on December 27, 2011. Consequently, Macomb County respectfully requests that this requirement be waived.

[2] A Stipulation and [Proposed] Consolidation Order for Securities Fraud Class Actions seeking consolidation of the two related actions is currently under submission. *See* 11-cv-5235 (Dkt. No. 23). Macomb County joins in seeking to consolidate these actions.

MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CV-11-5235-RMW-HRL - 1 -

673837_1

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| *Woburn Ret. Sys. v. OmniVision Techs., Inc., et al.* | 11-cv-5235 | Oct. 26, 2011 |
| *Laborers Local 235 Benefit Funds v. OmniVision Techs., Inc., et al.* | 11-cv-5372 | Nov. 4, 2011 |

These Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the member or members of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, Macomb County should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or group of persons of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* O'Mara Decl., Ex. A.

In addition, Macomb County's selection of Robbins Geller to serve as lead counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II. SUMMARY OF THE ACTIONS

OmniVision is a designer and manufacturer of image sensors used in digital cameras to convert optical images into electronic signals. OmniVision is one of the leading suppliers of complementary metal-oxide-semiconductors ("CMOS") sensors used in mobile telephones, offering

1  39 different products including 5- and 8- megapixel mobile phone sensors capable of producing
2  high-definition video.

3  One of OmniVision's most high-profile contracts has been Apple, Inc. ("Apple"). Indeed,
4  OmniVision was the exclusive supplier of camera sensors for Apple's tremendously successful third
5  and fourth generation iPhone smartphones, which had been released on June 9, 2009 and June 24,
6  2010, respectively. OmniVision has also supplied Apple with camera sensors for its tablet computer,
7  the iPad, and its portable media player and personal digital assistant, the iPod Touch.

8  During the Class Period OmniVision failed to disclose that: (a) it had lost its lucrative, high-
9  profile, and exclusive contract with Apple; (b) competition was eroding its "leadership position" in
10 the smartphone industry; (c) delays in the development of its 8-megapixel product line were
11 threatening its prospects; and (d) it lacked a reasonable basis for its statements about its bright
12 prospects in the smartphone market.

13 On August 25, 2011, OmniVision announced its results for the fiscal first quarter of 2012 and
14 provided guidance for the fiscal second quarter of 2012 that was well below analyst expectations.
15 The Company also disclosed delays in the production of its new 8-megapixel product line. Based on
16 the Company's disappointing guidance, analysts recognized that OmniVision would not be the
17 exclusive producer of camera components for Apple's new, fifth generation iPhone – the iPhone 4S
18 – set for release in the fall of 2011. As a result of these revelations, OmniVision's stock declined
19 $7.55 per share, or 30.4%, to close at $17.27 per share on August 26, 2011 on extraordinary trading
20 volume.

21 Then, on October 14, 2011, the iPhone 4S became available for sale and for disassembly.
22 Experts dismantled and examined the phone's components and determined, based on a logo stamped
23 on the inside of the camera sensor, that Sony, not OmniVision, had supplied the camera sensor for
24 the iPhone 4S. In reaction to this news, OmniVision's stock fell $1.65 per share, or 9.3%, to close at
25 $15.95 per share on October 14, 2011.

26
27

**III.   ARGUMENT**

    **A.   The Court Should Consolidate the Related Actions**

Consolidation pursuant to Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id*.

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id.*

Macomb County respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *7.

**B.     Macomb County Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on October 26, 2011, on *GlobeNewswire* in connection with the filing of the action. *See* O'Mara Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CV-11-5235-RMW-HRL - 5 -

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Macomb County meets each of these requirements and should therefore be appointed lead plaintiff.

### 1. Macomb County's Motion Is Timely

Macomb County has timely filed this Motion within 60 days of the October 26, 2011 notice publication, and has also duly signed and filed a certification evidencing, among other things, its willingness to serve as a representative party on behalf of the class. *See* O'Mara Decl., Ex. A. Sixty days from October 26th was December 25, 2011. December 25th was a Sunday and December 26th was a Court holiday, thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is December 27, 2011. As such, Macomb County's Motion is timely filed and Macomb County has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### 2. Macomb County Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, Macomb County purchased 109,658 shares of OmniVision securities during the Class Period and has losses of approximately $552,455. *See* O'Mara Decl., Exs. A and B. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Macomb County satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Macomb County Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests

of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, Macomb County satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, Macomb County meets the typicality and adequacy requirements because, like all other members of the purported class, it purchased OmniVision securities during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby. Because Macomb County's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004). Additionally, Macomb County is not subject to any unique defenses and there is no evidence of any conflicts between Macomb County and the other class members.

**C. This Court Should Approve Macomb County's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead

1  plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C.
2  §78u-4(a)(3)(B)(iii)(II)(aa).  Here, Macomb County has selected Robbins Geller as lead counsel for
3  the class.

4  Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex
5  litigation, particularly securities litigation.  *See* O'Mara Decl., Ex. D.  Robbins Geller's reputation
6  for excellence has been repeatedly noted by district courts throughout the country and has resulted in
7  the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action
8  securities cases.  Judge Melinda Harmon commented that the "experience, ability and reputation of
9  the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in
10 securities class actions, if not the preeminent one, in the country."  *In re Enron Corp. Sec*, 586 F.
11 Supp. 2d 732, 797 (S.D. Tex. 2008).  Thus, the Court may be assured that in the event this Motion is
12 granted, the members of the class will receive the highest caliber of legal representation available
13 from Robbins Geller as lead counsel.

14 Because Macomb County has selected and retained counsel experienced in litigating
15 securities fraud class actions with the resources to prosecute this action to the greatest recovery
16 possible for the class, its choice of Robbins Geller as lead counsel should be approved.

17 **IV.    CONCLUSION**

18 For the foregoing reasons, Macomb County respectfully requests that the Court: (1)
19 consolidate the Related Actions; (2) appoint Macomb County as Lead Plaintiff; and (3) approve
20 Macomb County's selection of Lead Counsel for the class.

21 DATED:  December 27, 2011                       Respectfully submitted,

22                                                 ROBBINS GELLER RUDMAN
                                                      & DOWD LLP
23                                                 BRIAN O. O'MARA

24

25                                                      s/ Brian O. O'Mara
                                                     BRIAN O. O'MARA
26

27

MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - CV-11-5235-RMW-HRL                                                           - 8 -

 655 West Broadway, Suite 1900
 San Diego, CA  92101
 Telephone:  619/231-1058
 619/231-7423 (fax)

 ROBBINS GELLER RUDMAN
   & DOWD LLP
 SHAWN A. WILLIAMS
 Post Montgomery Center
 One Montgomery Street, Suite 1800
 San Francisco, CA  94104
 Telephone:  415/288-4545
 415/288-4534 (fax)

 [Proposed] Lead Counsel for Plaintiff

 VANOVERBEKE MICHAUD & TIMMONY, P.C.
 MICHAEL J. VANOVERBEKE
 THOMAS C. MICHAUD
 79 Alfred Street
 Detroit, MI  48201
 Telephone:  313/578-1200
 313/578-1201 (fax)

 Additional Counsel for Plaintiff

673837_1

MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CV-11-5235-RMW-HRL - 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 27, 2011.

          s/ s/ Brian O. O'Mara
          s/ BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: bomara@rgrdlaw.com

673837_1

# Mailing Information for a Case 5:11-cv-05235-RMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel A. Avan**
  ravan@labaton.com

- **Cynthia A. Dy**
  cdy@wsgr.com

- **Christopher J. Keller**
  ckeller@labaton.com,cchan@labaton.com,electroniccasefiling@labaton.com

- **Angie Young Kim**
  aykim@wsgr.com

- **Michael Walter Stocker**
  mstocker@labaton.com,ejo@labaton.com,ElectronicCaseFiling@labaton.com

- **Nancy Tompkins**
  tompkins@kerrwagstaffe.com,bthomas@kerrwagstaffe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)