BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD (216562)
sward@barrack.com
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone:    (619) 230-0800
Facsimile:    (619) 230-1874

*E-FILED - 3/4/15*

BRANSTETTER, STRANCH
    & JENNINGS, PLLC
J. GERARD STRANCH, IV
gstranch@branstetterlaw.com
JAMES G. STRANCH, III
jstranch@branstetterlaw.com
227 Second Avenue North, Fourth Floor
Nashville, TN 37201-1631
Telephone: (615) 254-8801
Facsimile: (615) 250-3937

*Co-Lead Counsel for Lead Plaintiffs Oakland County Employees' Retirement System, Laborers' District Council and Contractors' Pension Fund of Ohio, and Woburn Retirement System and the Proposed Class*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| In re OMNIVISION TECHNOLOGIES, INC. SECURITIES LITIGATION | ) ) ) ) | Case No.: 5:11-cv-05235-RMW |
| This Document Relates to: | ) ) ) | **[] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS** |
| ALL ACTIONS. | ) ) ) ) ) ) | |

**WHEREAS**, on December 30, 2014, (a) Laborers' District Council and Contractors' Pension Fund of Ohio, Oakland County Employees' Retirement System and Woburn Retirement System (collectively the "Institutional Investors Group" or "Lead Plaintiffs"), on behalf of themselves and the proposed Settlement Class; (b) OmniVision Technologies, Inc. ("OmniVision" or the "Company"); and (c) Shaw Hong, Anson Chan and Aurelio "Ray" Cisneros (the "Individual Defendants" and, collectively with the Company, the "Defendants"), by and through their respective duly authorized counsel, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Lead Plaintiffs Consolidated Class Action Complaint filed in this Action on April 23, 2012 ("Complaint") against the Defendants on the merits and with prejudice (the "Settlement");

**WHEREAS**, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

**WHEREAS**, the Court has read and considered the Settlement Agreement to determine, among other things, whether the Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to the members of the Settlement Class; and

**WHEREAS**, the Settling Parties to the Settlement Agreement have consented to the entry of this Order;

**NOW, THEREFORE**, the Court declares that it is hereby **ORDERED**, **ADJUDGED AND DECREED** as follows:

1. <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of this Action and over the Settling Parties.

2. <u>Settlement Class</u>. The Court hereby certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the

1   Federal Rules of Civil Procedure:  all persons and entities that, during the period from August

2   27, 2010 to and through November 6, 2011, inclusive (the "Class Period"), purchased or

3   otherwise acquired shares of OmniVision's publicly traded common stock in the open market,

4   and were damaged thereby.  Excluded from the Class are Defendants, members of the

5   immediate families of the Individual Defendants, any entity in which any Defendant has or had

6   a controlling interest, current or former directors and officers of OmniVision, and the legal

7   representatives, heirs, successors, or assigns of any such excluded person or entity.  Also

8   excluded from the Settlement Class are those persons and entities who submit valid and timely

9   requests for exclusion from the Settlement Class in accordance with the requirements set forth

10  in the Notice.

11      3.     The Court finds and concludes that the prerequisites of class action certification

12  under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for

13  the Settlement Class defined herein, in that:

14      (a)     the members of the Settlement Class are so numerous that joinder of all

15  Settlement Class Members is impracticable;

16      (b)     there are questions of law and fact common to Settlement Class

17  Members;

18      (c)     Lead Plaintiffs' claims are typical of the Settlement Class's claims;

19      (d)     Lead Plaintiffs and their counsel have fairly and adequately  represented

20  and protected the interests of the Settlement Class;

21      (e)     the questions of law and fact common to the Settlement Class Members

22  predominate over any individual questions; and

23      (f)     a class action is superior to other available methods for the fair and

24  efficient adjudication of the controversy, considering that the claims of Settlement Class

25  Members in the Action are substantially similar and would, if tried, involve substantially

26  identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as

27  a class action; the amounts of the claims of many of the Settlement Class Members are too

28

small to justify the expense of individual actions; and it does not appear that there is any intent among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Laborers' District Council and Contractors' Pension Fund of Ohio, Oakland County Employees' Retirement System and Woburn Retirement System (collectively the "Institutional Investors Group" or "Lead Plaintiffs") are certified as Class Representatives for the Settlement Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the law firms of Barrack, Rodos & Bacine and Branstetter, Stranch & Jennings PLLC are appointed Class Counsel for the Settlement Class.

6.      Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

7.      <u>Preliminary Findings Concerning Proposed Settlement</u>. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

8.      <u>Settlement Hearing</u>.  A hearing (the "Settlement Hearing") will be held on June 5, 2015 at  9:00 a.m. before the Honorable Ronald M. Whyte in Courtroom 6 of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113, to determine, among other things:

(a)     whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(b)     whether a Final Judgment and Order of Dismissal with Prejudice substantially in the form of Exhibit B to the Settlement Agreement should be entered, dismissing the Action in its entirety and with prejudice; whether the covenants by the Settlement Class and the release by the Settlement Class of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Released Defendant Parties; and whether the Settlement Class should be forever barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against the Released Defendant Parties;

(c)     whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)     whether the Settlement Class should be finally certified for the purposes of the Settlement only; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of Barrack, Rodos & Bacine and Branstetter, Stranch & Jennings, PLLC should be finally appointed Class Counsel for the Settlement Class;

(e)     whether Plaintiffs' Counsel's application for a Fee and Expense Award should be granted; and

(f)     such other matters as may properly be before the Court in connection with the Settlement.

9.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

10.    Notice. The Court approves the form, substance, and requirements of the Notice and Summary Notice (together, the "Notices") and the Proof of Claim form annexed hereto as Exhibits 1-3 and finds that the procedures established for publication, mailing, and distribution of the Notices and Proof of Claim form substantially in the manner and form set forth in paragraphs 11-17 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Rules of this Court, and any other applicable law.

11.    Retention of Claims Administrator and Manner of Notice.  The Court approves the retention of Heffler Claims Group as the Claims Administrator to supervise and administer the notice procedure and the processing of claims under the supervision of Lead Counsel as more fully set forth below:

a.    Not later than ten (10) business days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, along with a Proof of Claim form, substantially in the form attached hereto as Exhibit 2, to be sent to each Settlement Class Member who can be identified by reasonable effort.  Such notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Members' last known address.  Not later than five (5) business days after entry of this Order, OmniVision shall provide to Lead Counsel, or the Claims Administrator, at no cost, a list in electronic searchable form of the names and addresses of the Persons who

1   purchased OmniVision common stock during the Class Period, as identified in the records

2   maintained by OmniVision's transfer agent.

3           b.     Not later than fourteen (14) calendar days after the Notice Date, the

4   Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto

5   as Exhibit 3, to be published in the *Investors' Business Daily* and disseminated over *PR*

6   *Newswire,* a national business-oriented wire service. The Summary Notice need not be

7   published in each of these media on the same day.

8           c.     Not later than thirty-five (35) calendar days before the Settlement

9   Hearing, Lead Counsel shall file with the Court one or more affidavits or declarations showing

10  timely compliance with the foregoing mailing and publication requirements.

11      12.   <u>Nominee Purchasers</u>.  Banks, brokerage firms, institutions, and other Persons

12  who are nominees that purchased OmniVision common stock for the beneficial interest of other

13  Persons during the Class Period ("Nominee Purchasers") shall,  within seven (7) calendar days

14  of receiving the Notice: (a) provide to the Claims Administrator the name and last-known

15  address of each such beneficial owner; or (b) request additional copies of the Notice and Proof

16  of Claim form and, within seven (7) calendar days of receipt, mail the Notice and Proof of

17  Claim form directly to such beneficial owners.  Nominee Purchasers following procedure (b)

18  shall promptly send a statement to the Claims Administrator confirming that the mailing was

19  made as directed, and maintain mailing records for future use in the Action.  The Claims

20  Administrator shall, if requested, and upon receipt of appropriate supporting documentation,

21  reimburse Nominee Purchasers out of the Settlement Fund solely for Nominee Purchasers'

22  reasonable out-of pocket expenses incurred in sending the Notice and Proof of Claim form to

23  the beneficial owners who are potential Settlement Class Members, which expenses would not

24  have been incurred except for the sending of such notice, subject to further Order of this Court

25  with respect to any dispute concerning such reimbursement.

26      13.   <u>Submission of Proof of Claim Forms</u>.  In order to be eligible to receive a

27  distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance

28

with the terms and conditions set forth in the Settlement Agreement, each Settlement Class Member shall take the following actions and be subject to the following conditions:

a.      Any Settlement Class Member who wishes to participate in the distributions of the Net Settlement Fund must sign and return a completed Proof of Claim form in accordance with the instructions contained therein and in the Notice.  All Proofs of Claim must be submitted by first-class mail, postmarked no later than 120 calendar days after the Notice Date.  Such deadline may be further extended by Court Order or by Co-Lead Counsel in their discretion.  If a Settlement Class Member chooses to return his, her, or its Proof of Claim in a manner other than by first-class mail (including electronic submission), then the Proof of Claim must be actually received by the Claims Administrator no later than 120 calendar days after the Notice Date, or such other date as may be set by the Court or allowed by Co-Lead Counsel.  Unless otherwise ordered by the Court, any Settlement Class Member who does not sign and return a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund, but shall nonetheless be bound by the Settlement Agreement, the Judgment and the releases therein.

b.      The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker-confirmation slips, broker-account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

1        c.     As part of the Proof of Claim, each Settlement Class Member shall

2  submit to the jurisdiction of the Court with respect to the claim submitted.

3       14.    <u>Exclusions from the Settlement Class</u>.  Any Settlement Class Member who does

4  not timely submit a valid written request for exclusion from the Settlement Class in accordance

5  with the instructions in the Notice and herein is a Settlement Class Member and shall be bound

6  by all of the terms and conditions of the Settlement Agreement, and by all proceedings, rulings,

7  orders, and judgments in this Action regardless of whether such Settlement Class Member

8  submits a Proof of Claim form.  Requests for exclusion shall be made in writing and shall

9  clearly state the name, mailing address, daytime telephone number, and e-mail address of the

10  Person seeking exclusion; shall state the number of shares of OmniVision publicly traded

11  common stock owned as of the beginning of trading on August 27, 2010 (the first day of the

12  Class Period); shall list the date(s), price(s), and number(s) of shares of all purchases,

13  acquisitions and sales of OmniVision publicly traded common stock during the Class Period;

14  provide documentation of such trading; and state clearly that the Person "wishes to be excluded

15  from the Settlement Class in *In re OmniVision Technologies, Inc., Securities Litigation,* Case

16  No.: 5-11-cv-05235-RMW (N.D. Cal.)"  Requests for exclusion must be submitted by first-class

17  mail or delivered so that they are received no later than twenty-one (21) days before the

18  Settlement Hearing.  A request for exclusion shall not be effective unless it provides the

19  required information set forth herein and in the Notice and is made within the time stated

20  herein, or the request for exclusion is otherwise accepted by the Court.  Any Settlement Class

21  Member who is excluded from the Settlement Class shall not be entitled to participate in any

22  distributions from the Net Settlement Fund.

23       15.    <u>Objections to Settlement</u>.  Any member of the Settlement Class may object to the

24  proposed Settlement in writing.  Written objections must include the Settlement Class member's

25  name, address, telephone number, e-mail address, and signature; identify the date(s), price(s),

26  and number(s) of shares of all purchases, acquisitions, and sales of OmniVision publicly traded

27  common stock during the Class Period; identify the number of shares of OmniVision publicly

28

traded common stock owned as of the beginning of trading on August 27, 2010; and state the reasons for the objection.   Objections must include documentation, such as brokerage statements, showing reported trading in OmniVision publicly traded common stock.  All written objections and supporting papers must (a) clearly identify the case name and number ( *In re OmniVision Technologies, Inc. Securities Litigation*, Case Number 5:11-cv-05235-RMW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Division, United States Courthouse, 208 South 1st Street, Second Floor, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or received no later than twenty-one (21) days before the Settlement Hearing. Any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement and the Fee and Expense Application.   Any untimely objection shall be barred.  Any submissions by the Settling Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Settlement Hearing.

16. <u>Appearance at Settlement Hearing</u>.  Any objector who files and serves a timely, written objection in accordance with the instructions above and in the Notice, may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must file a notice of intention to appear with the Court no later than twenty-one (21) days before the Settlement Hearing.  Any objector who does not timely file a notice of intention to appear in accordance with this paragraph and the Notice shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

17. <u>Service of Papers</u>.  Counsel for the Defendants and Lead Counsel shall promptly furnish all Settling Parties with copies of any and all objections and notices of intention to appear that come into their possession.  All papers in support of the Settlement, Plan of

Allocation, and Plaintiffs' Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

18.    Notice and Administration Expenses and Escrow Matters.    As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from the Defendants and without further order of the Court.

19.    Passage of Title and Ownership of Settlement Fund.  The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved.  No person who is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.  All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

20.    Bar on Litigating Released Claims.  Pending final determination of whether the Settlement should be approved, Lead Plaintiffs and all other Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of any Released Claim against any of the Released Defendant Parties.

21.    Termination of Settlement.  If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated pursuant to the Settlement Agreement, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly

provided in the Settlement Agreement and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to their acceptance of the mediator's final settlement recommendation.

22.   Use of Order.   This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Defendant Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Settling Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated, nor shall it be used in any manner prohibited by paragraph 8.5 of the Settlement Agreement.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Defendant Parties, the Released Plaintiff Parties, or the Settlement Class.

23.   Stay.  All proceedings in this Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order.  This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24.   Jurisdiction.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this __3__ day of _____March_____, 2015.


_Ronald M. Whyte_
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE