United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re OMNIVISION TECHNOLOGIES, INC.
SECURITIES LITIGATION

_____

This document Relates to:

ALL ACTIONS.

Case No. 5:11-cv-05235-RMW

**ORDER GRANTING PLAINTIFFS'
MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS**

Re: Dkt. No. 179

16    Before the court is plaintiffs' motion for approval of attorneys' fees and costs. Plaintiffs'

17   counsel requests $2,675,179.16 in attorneys' fees and $340,094.74 in costs,[1] plus accrued interest.

18   For the reasons explained below, the court awards plaintiffs' counsel $2,675,179.16 in attorneys'

19   fees and $340,094.74 in costs, plus accrued interest.

20    It is well established that "a private plaintiff, or his attorney, whose efforts create, discover,

21   increase or preserve a fund to which others also have a claim is entitled to recover from the fund

22   the costs of his litigation, including attorney's fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759,

23   769 (9th Cir. 1977). This rule, known as the "common fund doctrine," is designed to prevent

24

25   [1] Plaintiffs' motion for attorneys' fees lists plaintiffs' costs at $340,511.54, and calculates
requested attorneys' fees based on this amount. At the hearing on this motion, plaintiffs' counsel
26   alerted the court to an error in the calculation of plaintiffs' requested costs and provided the court
the correct number, $340,094.74. The court's award of fees and costs is based on this corrected
27   amount.

5:11-cv-05235-RMW
28   ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS
DCD/EDB                                    1

1  unjust enrichment by distributing the costs of litigation among those who benefit from the efforts

2  of the litigants and their counsel. *See Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 271

3  (9th Cir. 1989) ("Paul, Johnson"). The ultimate goal is to reasonably compensate counsel for their

4  efforts in creating the common fund. *Id.* at 271–72. It is not sufficient to arbitrarily apply a

5  percentage; rather the district court must show why that percentage and the ultimate award are

6  appropriate based on the facts of the case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th

7  Cir. 2002).

8          The Ninth Circuit has approved a number of factors which may be relevant to the district

9  court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and

10  the quality of work; (4) the contingent nature of the fee and the financial burden carried by the

11  plaintiffs' counsel; and (5) awards made in similar cases. *See id.* at 1048–50.

12          Here, the court finds that the *Vizcaino* factors favor awarding the requested 22% fee, a

13  lower percentage of the common fund than what has been referred to as the 25% benchmark. *See,*

14  *e.g., Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). First, the overall result and benefit to

15  the class from the litigation will be an estimated per share recovery of \$0.20, amounting to a

16  recovery of between 4.7% and 31.7% of the possible relief. Counsel's requested attorneys' fees of

17  22% is significantly less than their lodestar[2] total.

18          Second, the risk that further litigation might result in plaintiffs not recovering at all,

19  particularly in a case involving complicated legal issues, is a significant factor in the award of

20  fees. *See Vizcaino*, 290 F.3d at 1048. Although the court had not yet certified the class, plaintiffs

21  still faced substantial challenges regarding: (1) the actionability of statements; (2) their falsity; (3)

22  *scienter*; (4) loss causation; and (5) damages. Furthermore, plaintiffs would have had to proceed

23  through summary judgment, a likely opposition to class certification, and a complex trial

24  involving loss causation and damages before class members would have recovered. The risk that

25  plaintiffs would have recovered less than the settlement amount, or recovered nothing, also

26

27  ---

    [2] Counsel estimate their lodestar at \$4,619,340.79. Dkt. No. 179 at 21.
    5:11-cv-05235-RMW

28  ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS
    DCD/EDB                                                    2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    supports granting the requested fee.

2          Third, the "prosecution and management of a complex national class action requires

3    unique legal skills and abilities." *Edmonds v. United States*, 658 F. Supp. 1126, 1137 (D.S.C.

4    1987). This case was litigated through a motion to dismiss and significant discovery took place.

5    Plaintiffs reviewed securities analysts' reports, reviewed over 400,000 documents from

6    Omnivision and third parties, interviewed Apple representatives, and consulted with experts. In

7    addition, plaintiffs completed two depositions and prepared for four more.

8          Fourth, the importance of assuring adequate representation for individuals who could not

9    otherwise afford competent attorneys justifies providing attorneys who do accept matters on a

10   contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee. *Vizcaino*, 290

11   F.3d at 1050. This suit began over three years ago. During that time, the various attorneys

12   representing the class have spent over 8,800 hours litigating this case. *See* Dkt. No.179 at 7.

13   Counsel also advanced significant costs related to prosecuting this action. *Id*. This substantial

14   outlay, when there is a risk that none of it will be recovered, further supports an award of

15   substantial fees.

16         Finally, the percentage of the Settlement Fund that Lead Counsel seeks is slightly less than

17   the benchmark of 25% established by the Ninth Circuit. *See, e.g., Powers,* 229 F.3d at 1256. In

18   addition, the requested 22% fee is less than fees that have been awarded in similar complex class

19   actions. *See, e.g., In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1049 (N.D. Cal. 2007)

20   (awarding 28% of $13.75 million settled during discovery phase with class certification motion

21   pending); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457-58, 463 (9th Cir. 2000)

22   (upholding fee award of 33.3% of $1.725 million settlement). The court therefore finds the

23   requested fee reasonable.

24         For the reasons explained above, the court awards plaintiffs 22% of the net recovery to the

25   class, calculated as follows:

26                    ($12,500,000 – $340,511.54) * 22% = $2,675,179.16

27   5:11-cv-05235-RMW
     ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS
28   DCD/EDB                                        3

1    Accordingly, plaintiffs' counsel are awarded attorneys' fees in the amount of

2    $2,675,179.16 and $340,094.74 in expenses, plus interest, to be paid out of the Settlement Fund to

3    BARRACK, RODOS & BACINE, 600 West Broadway, Suite 900, San Diego, California 92101,

4    who then will be responsible for allocating the award of attorneys' fees and expenses between

5    Settlement Class Counsel.

6         **IT IS SO ORDERED**.

7    Dated: June 5, 2015

8    

9    Ronald M. Whyte
     United States District Judge

United States District Court
Northern District of California