BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD (216562)
sward@barrack.com
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone:   (619) 230-0800
Facsimile:   (619) 230-1874

BRANSTETTER, STRANCH
    & JENNINGS, PLLC
J. GERARD STRANCH, IV
gstranch@branstetterlaw.com
JAMES G. STRANCH, III
jstranch@branstetterlaw.com
227 Second Avenue North, Fourth Floor
Nashville, TN  37201-1631
Telephone:  (615) 254-8801
Facsimile:  (615) 250-3937

*Co-Lead Counsel for Lead Plaintiffs Oakland County Employees' Retirement System, Laborers' District Council and Contractors' Pension Fund of Ohio, and Woburn Retirement System and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re OMNIVISION TECHNOLOGIES, INC. SECURITIES LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS. | Case No.: 5:11-cv-05235-RMW <br><br> **[AMENDED] FINAL JUDGMENT AND ORDER** <br><br> **JUDGE:** Hon. Ronald M. Whyte <br> **DEPT/CTRM:** 6 <br> **HEARING DATE:**  June 5, 2015 <br> **HEARING TIME:**   9:00 a.m. |

WHEREAS, on June 5, 2015, this matter came before the Court for a hearing pursuant to the Order of this Court entered on March 4, 2015, (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Settlement Agreement"), executed as of December 30, 2014 and filed with the Court on December 30, 2014;

WHEREAS, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement;

WHEREAS, the Court has received declarations attesting to the mailing of the Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order;

WHEREAS, due and adequate notice has been given to the Settlement Class as required by the Preliminary Approval Order, and the Court has considered all papers filed and proceedings in this Action and otherwise has been fully informed of the matters herein, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Settlement Agreement and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all parties to the Action and all Settlement Class Members.

2. The Court hereby finally certifies the following class for the purposes of Settlement only (the "Settlement Class"), pursuant to Rules 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all persons and entities that, during the period from August 27, 2010 to and through November 6, 2011 (the "Class Period"), purchased or otherwise acquired shares of OmniVision Technologies, Inc.'s publicly traded common stock in the open market, and were damaged thereby. Excluded from the Settlement Class are: the Defendants; members of the immediate families of the Individual Defendants; all of OmniVision's subsidiaries and affiliates; any person who is or was an officer or director of OmniVision or any of OmniVision's subsidiaries or affiliates during the Class Period; any entity in which any

1  Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns
2  of any such excluded person or entity.
3      3.    The Court hereby affirms its appointment of Lead Plaintiffs Laborers' District
4  Council and Contractors' Pension Fund of Ohio, Oakland County Employees' Retirement
5  System and Woburn Retirement System (collectively the "Lead Plaintiffs"), as Class
6  Representatives for the Settlement Class and Barrack, Rodos & Bacine and Branstetter, Stranch
7  & Jennings PLLC as Class Counsel for the Settlement Class.
8      4.    This Court finds that:
9      (a)    the distribution of the Notice, the publication of the Summary Notice, and
10 the notice methodology (together the "Notice Program") all were implemented in accordance
11 with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and:
12     (b)    the Notice Program constituted the best practicable notice to Settlement
13 Class Members under the circumstances of the Action;
14     (c)    the Notice Program was reasonably calculated, under the circumstances,
15 to apprise Settlement Class Members of: (i) the proposed Settlement of this class action; (ii)
16 their right to exclude themselves from the Settlement Class; (iii) their right to object to any
17 aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on
18 their own or through counsel hired at their own expense, if they are not excluded from the
19 Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments
20 in this Action, whether favorable or unfavorable, on all persons who are not excluded from the
21 Settlement Class;
22     (d)    the Notice Program was reasonable and constituted due, adequate, and
23 sufficient notice to all persons entitled to be provided with notice; and
24     (e)    the Notice Program fully satisfied all applicable requirements of the
25 Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution
26 (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934,
27 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995
28 (the "PSLRA"), the Rules of the Court, and any other applicable law.

5.      In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Defendants, and the risks of establishing liability and damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Lead Plaintiffs, the Settlement Class, and the Settlement Class Members. This Court further finds the Settlement was the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Settlement Class, and the Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

6.      The Consolidated Class Action Complaint, filed in this Action on April 23, 2012, is hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Judgment.

7.      Upon the Effective Date, Lead Plaintiffs and each and every Settlement Class Member on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, subsidiaries, affiliates, executors, trustees, administrators, predecessors, successors, assigns, any trust of which any Lead Plaintiff or Settlement Class Member is the settlor or is for the benefit of a member of their immediate family, and any entity acting on behalf of a Lead Plaintiff or Settlement Class Member, in their capacity as a Lead Plaintiff or Settlement Class Member, shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims, as against each and every one of the Released Defendant Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties; and (iii) be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claims or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party.  The foregoing release is given regardless of whether such Lead Plaintiffs or Settlement Class Members have: (i) executed and delivered a Proof of Claim; (ii) received the

Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

8. Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors and assigns shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties; and (iii) be deemed to have covenanted not to sue any Released Plaintiff Party on the basis of any Released Defendants' Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Defendants' Claim against any Released Plaintiff Party. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

9. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except: (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Judgment; (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery; or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

10. This Judgment, the Settlement Agreement, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, and any matters arising in connection with settlement negotiations, proceedings or agreements, and all acts performed or documents executed

pursuant to or in furtherance of the Settlement Agreement, shall not be offered or received against the Released Parties for any purpose, and in particular, do not:

    (a)    constitute, and shall not be offered or received against the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs and the Settlement Class or the validity of any claim that has been or could have been asserted in the Action or in any action or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties;

    (b)    constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against the Released Defendant Parties, Lead Plaintiffs or any other members of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

    (c)    constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement or this Judgment;

    (d)    constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

    (e)    constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Settlement Class or any of them that any of their claims are without merit or infirm, that a

1  Settlement Class should not be certified, or that damages recoverable under the Complaint
2  would not have exceeded the Settlement Amount.

3      11.    A separate order shall be entered regarding Plaintiffs' Counsel's application for
4  attorneys' fees and reimbursement of expenses as allowed by the Court.  A separate order shall
5  be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders
6  shall in no way disturb or affect this Judgment and shall be considered separate from this
7  Judgment.

8      12.    This Court finds that Lead Plaintiffs and Co-Lead Counsel adequately
9  represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil
10 Procedure for the purpose of negotiating, entering into, and implementing the Settlement and at
11 all times during the pendency of this Action.

12     13.    This Court finds that during the course of the litigation, Lead Plaintiffs,
13 Plaintiffs' Counsel, Defendants, and Defendants' Counsel at all times complied with the
14 requirements of Rule 11 of the Federal Rules of Civil Procedure.

15     14.    Nothing in this Judgment constitutes or reflects a waiver, release or discharge of
16 any rights or claims of Defendants against their insurers, or their insurers' subsidiaries,
17 predecessors, successors, assigns, affiliates, or representatives.

18     15.    The Settling Parties are hereby authorized, without further approval of the Court,
19 to unanimously agree to and adopt in writing such amendments, modifications, and expansions
20 of the Settlement Agreement and all exhibits attached thereto, provided that such amendments,
21 modifications, and expansions of the Settlement Agreement are done in accordance with the
22 terms of Paragraph 5-3 of the Settlement Agreement, are not materially inconsistent with this
23 Judgment, and do not materially limit the rights of Settlement Class Members under the
24 Settlement Agreement.

25     16.    Without further order of the Court, the Settling Parties may agree to reasonable
26 extensions of time to carry out any of the provisions of the Settlement Agreement.

27     17.    In the event that the Settlement does not become effective in accordance with the
28 terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the

extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, and interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

19. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.

SO ORDERED this __5__ day of _____June_____, 2015.

*Ronald M. Whyte*
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE