UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re OMNIVISION TECHNOLOGIES, INC. LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No.: 5:11-cv-05235-RMW<br><br>[PROPOSED] ORDER RE: DISTRIBUTION OF SETTLEMENT FUND TO THE CLASS |

1 **WHEREAS:**

2     A.    This action was a class action asserting claims under the federal

3 securities laws on behalf of a Settlement Class, as certified by order of the Court dated June 5,

4 2015, for purposes of effectuating the settlement, defined as follows:

> All persons and entities that, during the period from August 27, 2010 to and through November 6, 2011, inclusive (the "Class Period"), purchased or otherwise acquired shares of OmniVision's publicly traded common stock in the open market, and were damaged thereby. Excluded from the Class were Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of OmniVision, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class were those persons and entities who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

    B.    Lead Plaintiffs Oakland County Employees' Retirement System, Laborers' District Council and Contractors' Pension Fund of Ohio, and Woburn Retirement System, on behalf of the Settlement Class, entered into a settlement with Defendants memorialized in the Stipulation and Agreement of Settlement dated December 30, 2015. The parties agreed to a full and complete settlement of all class claims in exchange for the payment of $12,500,000.00 in cash (the "Settlement").

    C.    On June 5, 2015, this Court held a hearing to consider whether the Settlement should be approved as fair, reasonable and adequate;

    D.    On June 5, 2015, the Court entered an order and final judgment approving the Settlement and dismissing this action with prejudice as against all Defendants;

    E.    The Settlement provided for members of the class to submit proof of

claim forms in order to participate in the distribution of the Net Settlement Fund;

F. Members of the class did submit proof of claim forms and these proof of claim forms have been reviewed and analyzed by Heffler Claims Administration ("Heffler" or "Claims Administrator"), the claims administrator retained by Plaintiffs' Lead Counsel to administer the Settlement;

G. Lead Plaintiffs have filed with the Court the Affidavit of Edward J. Sincavage, CPA ("Sincavage Affidavit"), which describes in detail, among other things, the dissemination of the Settlement Notice and Proof of Claim forms, the procedures following in processing claims received, and the results of the claims process;

H. All Settlement Class Members who filed claims that were in any way deficient were informed that their claims were deficient and were given the opportunity to correct any deficiency prior to their claims being finally rejected or to contest the decision as to the deficiency, and such procedures satisfied the requirements of due process;

I. Due notice was given to all members of the class whose claims were finally rejected in whole or in part so that they could contest the decision, and such procedures satisfied the requirements of due process; and

J. To date, none of these claimants have contested the rejection of his, her or its claim.

**NOW, THEREFORE,** upon consideration of: (1) the motion for approval of distribution of the Net Settlement Fund to the Settlement Class and memorandum in support thereof; and (2) the Sincavage Affidavit, and for good cause shown, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. The decisions and activities of Plaintiffs' Lead Counsel and Heffler in connection with the administration of the Settlement are **APPROVED**, and all decisions described in the Sincavage Affidavit relating to claims being payable or non-payable are **APPROVED**. Specifically, the claims listed in Exhibit D to the Sincavage Affidavit, entitled "Payable Claims," are approved as payable. The Court specifically **APPROVES** the rejection of the claims as

listed in Exhibit E to the Sincavage Affidavit of those persons whose claims were deemed deficient or were rejected by Heffler.

2. Plaintiffs' Lead Counsel and Heffler are **DIRECTED** to distribute the Net Settlement Fund (after making the payments specified in Paragraphs 3 and 4 below and after making any other disbursements authorized by the Court) to all Authorized Claimants, as described in the Sincavage Affidavit and the Exhibits thereto. Distribution shall be made in accordance with the Plan of Allocation previously approved by the Court.

3. The Court hereby **DIRECTS** that payment, if necessary, be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow.

4. The Court hereby **DIRECTS** payment in the amount of $261,972.27 to be made to Heffler for its final invoice for services rendered and expenses incurred in connection with the administration of the Settlement.

5. The Court hereby **DIRECTS** that no claim submitted after March 23, 2018 may be accepted for any reason whatsoever. Accordingly, Settlement Class Members are barred from making any further claim against the Net Settlement Fund after that date. Further, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement.

6. The Court also finds that one year after the final distribution of the Net Settlement Fund to Authorized Claimants, it is appropriate for Heffler to destroy all claim forms and related correspondence. Heffler shall, however, retain all other administrative records, including copies of the Payable Claims and Non-Payable Claims listings, and the computer database used to create the listings, for a period of three years after the final distribution of the Net Settlement Fund to Authorized Claimants.

7. Eighteen months after initial distribution of the Net Settlement Fund, and after reasonable and diligent efforts to distribute the entire Net Settlement Fund, any remaining balance in the Net Settlement Fund is to be distributed to the ABA Fund for Justice and Education, a non-sectarian, not-for-profit § 501(c)(3) organization, that supports law-related public service.

8. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Dated: April 12, 2018

Honorable Edward J. Davila
United States District Judge